**CITY OF TOLEDO, Appellant,**

v.

**TABERNER, Appellee.**

[Cite as *Toledo v. Taberner* (1989), 61 Ohio St.3d 791.]

Court of Appeals of Ohio,
Lucas County.

No. L–88–350.

Decided June 9, 1989.

*John T. Madigan,* Chief City Prosecutor, and *David L. Toska,* Assistant City Prosecutor, for appellant.

*Walter J. Skotynsky,* for appellee.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the September 27, 1988 judgment of the Toledo Municipal Court dismissing this case on the ground that the city failed to prove venue.

Appellee, Brian P. Taberner, was charged with assault in violation of Toledo Municipal Code Section 537.03 by a complaint sworn and filed by the victim. At trial the city put forth evidence from three witnesses. These witnesses testified that appellee punched Gregory Levans on January 19, 1988 while they were standing in the parking lot adjoining the Prime Time Cafe and Bar located at the corner of Sylvania Avenue and Violet Road. While testimony was elicited that the bar was located within the city of Toledo limits, none of the witnesses testified that the parking lot was also located within the city of Toledo limits. Therefore, appellee moved to dismiss the case for failure to prove venue, and the court granted the motion.

On appeal, the city alleges the following errors:

"1. The trial court erred in granting appellee's motion to dismiss claiming that the prosecution failed to expressly prove venue.

"2. The trial court erred by not taking judicial notice, pursuant to Ohio Rule of Evidence 201, that the offense, based on all the facts and circumstances in the case, occurred within the jurisdiction of the court."

We begin with a review of Ohio law regarding the necessity of proving venue. The Ohio Constitution establishes the right of the accused to have a "trial by an impartial jury of the county in which the offense is alleged to have been committed." Section 10, Article I, Ohio Constitution. R.C. 2901.12 guarantees that right by requiring that a criminal trial shall be held in a court with subject matter jurisdiction in the "territory of which the offense or any element thereof was committed." Crim.R. 18 provides that the venue of a case shall be that as set by law.

Therefore, unless the prosecution proves beyond a reasonable doubt that the crime alleged was committed in the county where the trial was held or the defendant waives this right, the defendant cannot be convicted. *State v. Headley* (1983), 6 Ohio St.3d 475, 477, 6 OBR 526, 528, 453 N.E.2d 716, 718– 719; *State v. Draggo* (1981), 65 Ohio St.2d 88, 90, 19 O.O.3d 294, 295, 418 N.E.2d 1343, 1345; and *State v. Nevius* (1947), 147 Ohio St. 263, 34 O.O. 210, 71 N.E.2d 258, paragraph three of the syllabus. Ideally, the prosecutor will directly establish venue. However, venue need not be proven in express terms. The Supreme Court of Ohio has permitted venue to be established by the totality of the facts and circumstances of the case. *State v. Headley, supra; State v. Gribble* (1970), 24 Ohio St.2d 85, 89–90, 53 O.O.2d 222, 224, 263 N.E.2d 904, 906–907; and *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969, paragraph one of the syllabus. The trial court has broad discretion to determine the facts which would establish venue. Therefore, the court's decision should not be overturned on appeal unless it is contrary to the manifest weight of the evidence. *State v. Giles* (1974), 68 O.O.2d 142, 322 N.E.2d 362.

In the case *sub judice,* the evidence discloses that the bar was located in the city of Toledo. Appellee and the trial court interpreted this statement as meaning that only the building itself was within the city limits and that the location of the parking lot had not been established. We find, however, that this is a strained interpretation of the testimony. The parking lot where the crime occurred in this case was located immediately adjacent to the bar. Thus, any reference to the location of the bar was inherently a reference to the location of the entire property comprising the bar as well as its sidewalk and parking lot. We believe that it is reasonable to assume that if there was a question as to whether or not the entire property was located within the city limits, the witness would have indicated this fact.

Wherefore, we find that there was competent and credible evidence to support a finding that venue had been proven in this case and, therefore, that the trial court's decision was not against the manifest weight of the evidence. Accordingly, appellant's first assignment of error is found well-taken.

Since there was sufficient proof of venue in this case, it is not necessary for us to consider whether judicial notice should have been taken of the location of the crime. Therefore, appellant's second assignment of error is found to be moot.

Having found that the city has been prejudiced, the judgment of the lower court is reversed. This case is remanded to the lower court for further proceedings not inconsistent with this opinion. Pursuant to App.R. 24, appellee is ordered to pay the court costs of this appeal.

*Judgment reversed.*

CONNORS and ABOOD, JJ., concur.