This matter is before the court on appeal from the Norwalk Municipal Court wherein appellant, Donald L. Parsons, was convicted of making false alarms. Appellant sets forth the following assignments of error:
 "I. THE PROSECUTION FAILED TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT AND SUCH FAILURE CONSTITUTES PLAIN ERROR AND REQUIRES A REVERSAL OF APPELLANT'S CONVICTION FOR A VIOLATION OF OHIO REVISED CODE SECTION 2917.32(A)(3).
 "II. THE PROSECUTION FAILED TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT, CONTRARY TO SECTION 10
ARTICLE I, OF THE CONSTITUTION OF THE STATE OF OHIO, THEREFORE THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE REQUIRING A REVERSAL OF APPELLANT'S CONVICTION FOR A VIOLATION OF OHIO REVISED CODE SECTION 2917-32(A)(3).
 "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COUNSEL FAILED TO MOVE THE TRIAL COURT FOR A MOTION FOR ACQUITTAL UNDER OHIO RULE OF CRIMINAL PROCEDURE 29 BASED ON THE FACT THE PROSECUTION FAILED TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT REQUIRING A REVERSAL OF APPELLANT'S CONVICTION FOR A VIOLATION OF OHIO REVISED CODE SECTION 2917.32(A)(3)."
We will consider appellant's three assignments of error together. In all three assignments of error, appellant contends the state failed to establish venue.
Venue is a fact which must be proven in a criminal proceeding. State v. Headley (1983), 6 Ohio St.3d 475, 477;State v. Draggo (1981), 65 Ohio St.2d 88, 90. Ideally, the prosecution will establish venue with direct evidence. Toledov. Taberner (1989), 61 Ohio App.3d 791, 793. Express evidence is not necessary to establish venue; it may be proven by the facts and circumstances of the case. State v. Dickerson (1907),77 Ohio St. 34; State v. Khong (1985), 29 Ohio App.3d 19.
The first witness to testify was Joe Deaton, a dispatcher with the Huron County Sheriff's Office. Deaton testified that on October 12, 1997 at approximately 2:45 a.m. he received a call from someone claiming an intruder had tied him up with a rope. Appellant admitted to making the call. Further investigation of the call led the authorities to charge appellant with making a false alarm, a violation of R.C.2917.32 and a misdemeanor of the first degree. Deaton testified his screen showed that the call at issue was placed from appellant's residence. Deaton testified that appellant's residence is located on Townline Road 187 in Huron county.
Based on the foregoing testimony we conclude that the state sufficiently established venue. Accordingly, appellant's three assignments of error are found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced nor prevented from having a fair trial, and the judgment of the Norwalk Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. ---------------------------- JUDGE James R. Sherck, J. ---------------------------- JUDGE Charles D. Abood, J. CONCUR. ---------------------------- JUDGE
Judge Charles D. Abood, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.