This is an appeal from a judgment of the Norwalk Municipal Court which found appellant Donald L. Parsons guilty of one count of menacing by stalking in violation of R.C. 2903.211. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "I. THE PROSECUTION FAILED TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT AND SUCH FAILURE CONSTITUTES PLAIN ERROR AND REQUIRES A REVERSAL OF APPELLANT'S CONVICTION FOR A VIOLATION OF OHIO REVISED CODE SECTION 2903.211.
 "II. THE PROSECUTION FAILED TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT, CONTRARY TO SECTION 10
ARTICLE I, OF THE CONSTITUTION OF THE STATE OF OHIO, THEREFORE THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE REQUIRING A REVERSAL OF APPELLANT'S CONVICTION FOR A VIOLATION OF OHIO REVISED CODE SECTION 2903.211.
 "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HIS COUNSEL FAILED TO MOVE THE TRIAL COURT FOR A MOTION FOR ACQUITTAL UNDER OHIO RULE OF CRIMINAL PROCEDURE 29 BASED ON THE FACT THAT THE PROSECUTION FAILED TO ESTABLISH VENUE BEYOND A REASONABLE DOUBT REQUIRING A REVERSAL OF APPELLANT'S CONVICTION FOR A VIOLATION OF OHIO REVISED CODE SECTION 2903.211."
On January 30, 1998, appellant was charged with one count of menacing by stalking. The case was tried to a jury on May 8, 1998. The state presented the testimony of Gregory Mehling, who stated that he is a police officer for the village of New London, which is in Huron County, Ohio. Mehling testified that beginning in August 1997, appellant sent approximately twenty fax messages to the New London Police Department which Mehling traced via phone number to appellant's home in Huron County. The faxes, all signed by appellant, contained many disparaging statements and accusations concerning a woman named Penny Prater who had dated appellant on one occasion in 1995, and who then told appellant she did not want to date him anymore. Appellant claimed in the faxes that he was the father of Prater's eight-year-old son and said he was going to obtain custody of the boy. Appellant referred to Prater in the faxes as "a whore" and claimed that she was neglecting her children and was involved in heavy drinking and drugs.
We will consider appellant's three assignments of error together since he asserts in all three that the state failed to establish venue.
Venue is a fact which must be proven in a criminal proceeding. State v. Headley (1983), 6 Ohio St.3d 475, 477;State v. Draggo (1981), 65 Ohio St.2d 88, 90. Ideally, the prosecution will establish venue with direct evidence. Toledov. Taberner (1989), 61 Ohio App.3d 791, 793. Express evidence is not necessary to establish venue; it may be proven by the facts and circumstances of the case. State v. Dickerson (1907),77 Ohio St. 34; State v. Khong (1985), 29 Ohio App.3d 19.
Based on the foregoing testimony we conclude that the state sufficiently established venue. Accordingly, appellant's three assignments of error are not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Norwalk Municipal Court is affirmed. It is ordered that appellant pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J. ---------------------------- JUDGE
Richard W. Knepper, J. ---------------------------- JUDGE
Charles D. Abood, J. CONCUR. --------------------------- JUDGE
Judge Charles D. Abood, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.