OPINION
{¶ 1} Defendant David Walker appeals a judgment of the Licking County Municipal Court, Ohio, convicting and sentencing him for one count of misdemeanor assault in violation of R.C. 2903.13. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THE DEFENDANT-APPELLANT GUILTY OF THE OFFENSE CHARGED WHEN NO ADMISSIBLE EVIDENCE OF VENUE WAS PRESENTED BY THE STATE OF OHIO.
 {¶ 3} "II. THE FAILURE OF TRIAL COUNSEL TO OBJECT TO INADMISSIBLE EVIDENCE CONCERNING VENUE DENIED THE DEFENDANT-APPELLANT THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 {¶ 4} This matter was tried to the bench. At trial, the State alleged appellant attacked one Thomas Lightle, while Lightle was a guest at the home of appellant's daughter.
 {¶ 5} The State called Lightle as its first witness. Lightle testified the attack took place on Tenth Street in the City of Newark. Officer Cristian Maring testified the residence where the altercation took place is located in the City of Newark, Licking County, Ohio.
 I {¶ 6} In his first assignment of error, appellant argues the trial court erred in finding appellant guilty when the State failed to prove venue. We note at the outset the matter was tried to the bench, and not to a jury. Appellant failed to object to the police officer's testimony, and did not raise the issue of venue before the trial court.
 {¶ 7} In State v. Loucks (1971), 28 Ohio App.2d 77, 247 N.E.2d 773, the Court of Appeals for Gallia County reviewed a case in which the defendant failed to object to venue prior to trial, and his motion for new trial was made on specified grounds which did not include an objection that the State failed to prove venue. The court of appeals found if not raised at trial, the accused's right to raise an objection regarding venue is waived, and may not be raised for the first time in the court of appeals, syllabus by the court, paragraph two and three. The court conceded the State must prove venue as an essential part of the case, because the question of venue raises deep issues of public policy in light of which legislation must be construed, United States v.Johnson (1944), 323 U.S. 273 at 276.
 {¶ 8} In City of Toledo v. Taberner (1989), 61 Ohio App.3d 791, the Court of Appeals for Lucas County held the trial court has broad discretion to determine facts which would establish venue, and the court's decision should not be overturned on appeal unless it is contrary to the manifest weight of the evidence. The court of appeals noted venue need not be proven in express terms, but may be established by the totality of facts and circumstances, Taberner at 793, citations deleted.
 {¶ 9} We find Lightle's testimony that the assault occurred within the City of Newark, coupled with the investigating officer's testimony that the address was in the City of Newark, Licking County, Ohio, is sufficient to establish venue.
 {¶ 10} The first assignment of error is overruled.
 II {¶ 11} In his second assignment of error, appellant urges trial counsel was ineffective in failing to object to Officer Maring's testimony and failing to raise the issue of lack of venue at the trial court level.
 {¶ 12} In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court established a two-prong test for courts to apply in determining whether an accused received the effective assistance of counsel. The appellant must establish both that the performance of trial counsel fell below an objective standard of reasonable representation, and violated counsel's essential duties to the client. Secondly, the appellant must demonstrate he was prejudiced by counsel's deficient performance, such that the reliability of the trial is called into doubt.
 {¶ 13} Appellant argues Officer Maring's testimony was hearsay and inadmissible under the Ohio Rules of Evidence.
 {¶ 14} The State responds Ohio Evid.R. 803 provides that the reputation in a community as to boundaries affecting lands in the community is not hearsay. Further, the State points out Officer Maring was not testifying as to the truth of the statement made to him by another person, but was testifying regarding his personal knowledge of the subject property.
 {¶ 15} We find the testimony was not hearsay. Further, we find the State had already presented sufficient evidence as to venue in Lightle's testimony. Finally, we find trial counsel was not deficient in failing to object or raise the issue of venue in the trial court.
 {¶ 16} The second assignment of error is overruled.
 {¶ 17} For the foregoing reasons, the judgment of the Municipal County of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.