OPINION
{¶ 1} Defendant-appellant, Nicole Gilmore, appeals her convictions in the Warren County Court of Common Pleas for two counts of falsification and three counts of tampering with evidence. We affirm the decision of the trial court.
 {¶ 2} On September 18, 2000, appellant informed the Mason Police Department that she had been abducted and sexually assaulted. An extensive investigation ensued. During the investigation on September 21, 2000, the Mason police were informed that a threatening note was left at appellant's residence. On October 6, 2000, in an effort to apprehend the perpetrator of the harassment, Mason police installed a video camera at the home of Carol Malich where appellant was residing. On October 13, 2000, the Mason police were informed that a condom and panties covered with a red substance were found outside appellant's residence.
 {¶ 3} On November 7, 2000, Malich reported that the police department's camcorder and a diamond ring were stolen from the Malich residence. Mason police conducted another investigation into the robbery. However, the police suspected that the robbery was an "inside job" because cash, credit cards, blank checks, a television, a VCR, a computer, and numerous other valuable items were not taken in the robbery. The diamond ring was subsequently found in the Malichs' mailbox.
 {¶ 4} On November 9, 2000, appellant again alleged that she had been abducted from her home, stripped, and sexually assaulted. Mason police investigated the allegation. During the investigation, a witness was found who stated that appellant had purchased beer and cigarettes at the time of the alleged abduction. The witness identified appellant as the individual in the store at the time of the alleged abduction. Beer and cigarettes were found in appellant's vehicle on the night in question. Appellant then refused to assist the police in their investigation and she could not describe her abductor.
 {¶ 5} On November 10, 2000, appellant reported to the Mason police that a threatening letter had been left on the windshield of her car while she was shopping at a Butler County Kroger's with Malich. Although appellant was with Malich, they were separated during the shopping trip when appellant allegedly went to the restroom.
 {¶ 6} On August 6, 2001, appellant was indicted on two counts (Counts one and two) of falsification in violation of R.C. 2921.13(A)(3), one count (Count three) of tampering with evidence in violation of R.C.2921.12(A)(1), and 14 counts (Counts four through 17) of tampering with evidence in violation of R.C. 2921.12(A)(2). Appellant was arraigned on September 7, 2001, at which time a not guilty plea was entered on her behalf. On January 18, 2002, appellant entered a written "not guilty by reason of insanity plea." The plea was withdrawn prior to trial. The matter was tried on April 15, 2002. Appellant was found guilty of two counts of falsification and three counts of tampering with evidence. Appellant was sentenced to a term of six months for the falsification counts, and a term of two years for the tampering with evidence counts. All sentences were to be served concurrently. Appellant appeals the convictions raising four assignments of error:
Assignment of Error No. 1
 {¶ 7} "The trial court's decision was against the manifest weight of the evidence."
 {¶ 8} Appellant argues that the state failed to prove that the rape and abduction did not occur. Appellant also argues that the state failed to prove that appellant's actions were done with the intent to mislead.
 {¶ 9} When deciding whether a conviction is supported by the manifest weight of the evidence, a court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction.State v. Martin (1983), 20 Ohio App.3d 172, 175. In addition, the reviewing court must be aware that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 10} In the present case, Counts one and two of the complaint alleged a violation of R.C. 2921.13(A)(3). That statutory provision reads:
 {¶ 11} "(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
 {¶ 12} "* * *[;]
 {¶ 13} "(3) The statement is made with purpose to mislead a public official in performing the public official's official function."
 {¶ 14} Counts four, five and six of the complaint alleged a violation of R.C. 2921.12(A)(2). That statutory provision reads:
 {¶ 15} "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 {¶ 16} "* * *[;]
 {¶ 17} "(2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceeding or investigation, or with purpose to corrupt the outcome of any such proceeding or investigation."
 {¶ 18} Count one alleges that appellant made a false statement to the police on September 18, 2000. Appellant's statement asserts that she was abducted and that her abductor "got on top of [her] and [he] started forcing his penis into my vagina * * * he got mad and cut me on the leg * * * he made me turn over and he forced his penis into my rectum * * * then he cut me on the leg again." However, the medical examination of appellant conducted on September 18, 2000 revealed no signs of trauma to the vulva, introitus, vagina, cervix, rectum, or anus. Furthermore, there were no cuts found on appellant.
 {¶ 19} Count four alleges that appellant tampered with evidence on September 21, 2000. To corroborate the September 18, 2000 statement that she was abducted, appellant and Malich delivered a threatening note, allegedly written by the abductor, to the Mason Police. However, during the investigation, a Compaq Presario laptop was removed from appellant's residence to determine if it was the source of the threatening notes. Jim Swauger, a computer forensic specialist for the Ohio Bureau of Criminal Identification and Investigation, testified that the Compaq was the source of the threatening notes. He testified that he "found the entire [September 21, 2000] note 11 times on the hard drive."
 {¶ 20} Count two alleges that appellant gave a false statement on November 9, 2000. In appellant's November 9, 2000 written statement, she states that she went out to her car to look for her keys and she was abducted and sexually assaulted. However, a clerk from "the Thornton gas station" gave Sergeant Neal Garland of the Mason police a statement identifying appellant. The clerk gave Sgt. Garland the sales receipts for the night and the store videotape. The statement maintains that appellant was in the store purchasing beer and cigarettes when the abduction supposedly occurred.
 {¶ 21} Count six alleges that appellant tampered with evidence on or about November 10, 2000 by placing a note on her car windshield at a Kroger's store. Malich testified that during the trip to Kroger's, appellant indicated that she was going to the washroom and then "disappeared from [Malich] for awhile." However, Malich testified that appellant did not go to the restroom. When they returned to the car, there was a note under the windshield.
 {¶ 22} Count five alleges that appellant tampered with evidence on October 13, 2000. Michael Yazzo, a forensic scientist with the State of Ohio, Bureau of Criminal Identification and Investigation testified that the condom and panties presented to the Mason police on October 13, 2000 were stained with "a red pigment material in a starched based matrix." Yazzo concluded, based on the composition of the substance, that it is "something that would be in an edible product." Mason police also recovered a tube of "red gel used for cake decorating" from appellant's residence. Yazzo was asked if the stains on the condom and panties were the same substance as contained in the tube of cake decorating red gel. He stated that it was also a "red pigment material in a starch matrix" and that he "was unable to say that it was not" the same substance. Detective Scott Doughman of the Mason Police Department testified that he noticed the same red substance on the door knob to appellant's bedroom during a search of appellant's residence the day the condom and panties were reported.
 {¶ 23} Upon reviewing the record and evidence, we conclude that the fact finder did not clearly lose its way and create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Therefore, the first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 24} "The trial court erred in denying the motion for continuance the week prior to trial, depriving appellant of the right to effective assistance of counsel."
 {¶ 25} Appellant argues that it was apparent her counsel was not prepared for trial. She therefore claims that the trial court abused its discretion and denied her the right to a fair trial by not granting her motion for a continuance.
 {¶ 26} Even though a trial court's action may affect a defendant's right to assistance of counsel, "broad discretion must be granted trial courts on matters of continuances" because of the difficulties involved in scheduling trials. Morris v. Slappy (1983), 461 U.S. 1, 11,103 S.Ct. 1610. Because of this broad discretion, courts need not presume that the denial of a continuance will interfere with the ability of the accused to receive a fair trial. See United States v. Cronic (1984), 466 U.S. 648,662, 104 S.Ct. 2039. Courts have therefore generally required defendants claiming that denial of a continuance resulted in a violation of the right to counsel to demonstrate actual prejudice. See, e.g., UnitedStates v. Weinberg (C.A.2, 1988), 852 F.2d 681, 687; United States v.Mitchell (C.A.9, 1984), 744 F.2d 701, 703.
 {¶ 27} As support for appellant's argument that her counsel was not adequately prepared to defend the case as a result of the denial of the continuance, appellant states that the "State of Ohio called 21 witnesses to the stand: the defense called none. The State of Ohio offered 87 exhibits for admission; the defense offered none. The State of Ohio put on three days of testimony; the defense put on none." However, appellant has not stated how these occurrences prejudiced her or demonstrated that these occurrences were anything but sound trial strategy.
 {¶ 28} Since appellant did not demonstrate actual prejudice, we cannot say the trial court committed constitutional error. We hold that the denial of the continuance neither denied appellant her right to a fair trial nor deprived her of the effective assistance of counsel. Therefore, the second assignment of error is overruled.
Assignment of Error No. 3
 {¶ 29} "The trial court erred in not granting a motion for acquittal as to count six of the indictment because the state failed to establish the venue of the offense."
 {¶ 30} Appellant argues that there was no evidence that the note left on the windshield of appellant's vehicle at the Kroger store in Butler County had any connection to Warren County.
 {¶ 31} A trial court has broad discretion to determine facts that would establish venue, and the court's decision should not be overturned on appeal unless it is contrary to the manifest weight of the evidence. See Toledo v. Taberner (1989), 61 Ohio App.3d 791, 793. The Taberner
decision noted that venue need not be proven in express terms, but may be established by the totality of facts and circumstances. Id. A determination that the facts are sufficient to establish venue should not be disturbed on appeal unless it is contrary to the weight of the evidence. Id.; State v. Giles (App. 1974), 68 O.O.2d 142, 143.
 {¶ 32} In this case, a letter was found on the windshield of appellant's car at a Kroger's store in neighboring Butler County. However, the threatening letter was reported to Officer Michael Jesse, an officer for the city of Mason, in Warren County. Furthermore, because the letter was reported to a Mason police officer, the resulting investigation occurred in Warren County.
 {¶ 33} R.C. 2901.12, provides, in subsection (G), that venue lies in any jurisdiction in which an offense or any element of an offense is committed and further provides, in subsection (H), when an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. See State v. Kilton, Cuyahoga App. No. 80837,2003-Ohio-423 at ¶ 10. We find that there was substantial evidence upon which the trier of fact could conclude beyond a reasonable doubt that an element of the offense occurred within Warren County, Ohio. See Statev. Headley (1983), 6 Ohio St.3d 475, 478. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4
 {¶ 34} "The trial court erred in not sentencing appellant to the minimum sentence allowed by law."
 {¶ 35} Appellant argues that the judgment entry of sentence does not contain the requisite findings and that the sentence must be reversed.
 {¶ 36} Pursuant to R.C. 2929.14(B), "if a court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 37} The court stated on the record that it would sentence appellant to prison "on each of these convictions for tampering with evidence for a term of two years. I think any shorter term would demean the seriousness of your conduct and would not adequately protect the public from future crimes by you and others."
 {¶ 38} The Supreme Court of Ohio determined that the findings required by the sentencing statutes may be made either orally at the sentencing hearing or in written form in the judgment entry. See Statev. Edmonson, 86 Ohio St.3d 324, 326, 1999-Ohio-110. Post-Edmonson cases have indicated that findings made at the sentencing hearing and appearing in the transcript are sufficient to satisfy the statutory requirements. See State v. Brown (Feb. 11, 2000), Sandusky App. No. S-99-024; State v.Harper (Apr. 5, 2000), Summit App. No. 19605. Accordingly, we find that the record clearly and convincingly supports the sentence. Therefore, appellant's fourth assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.