[Cite as *State v. Gonzalez*, 188 Ohio App.3d 121, 2010-Ohio-982.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

THE STATE OF OHIO,

    APPELLEE,                                CASE NO.  14-09-09

    v.

GONZALEZ,                                    O P I N I O N

    APPELLANT.

Appeal from Marysville Municipal Court
Trial Court No. 9 CRB 1314

Judgment Reversed

Date of Decision:   March 15, 2010

APPEARANCES:

    **Victoria Stone-Moledor**, for appellee.

    **Alison Boggs**, for appellant.


    **WILLAMOWSKI, Presiding Judge.**

{¶1} This appeal is brought by defendant-appellant, Hector P. Gonzalez, from the judgment of the Marysville Municipal Court finding him guilty of sexual imposition. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). For the reasons set forth below, the judgment is reversed.

{¶2} On November 25, 2008, a complaint was filed with the trial court alleging that Gonzalez had committed the offense of sexual imposition in violation of R.C. 2907.06(A)(4), a misdemeanor of the third degree. Gonzalez entered a not-guilty plea on December 9, 2008. A bench trial was held on April 24, 2009. At the conclusion of the trial, Gonzalez was found guilty and immediately sentenced to 60 days in jail with service to begin immediately. Gonzalez was also ordered to pay a $500 fine and court costs. Finally, Gonzalez was placed on community control for three years. On that same day, the trial court issued a commitment for fine requiring him to be jailed immediately until the fine was paid, secured to be paid, or otherwise discharged.

{¶3} On April 27, 2009, Gonzalez was returned to the trial court for resentencing. The trial court imposed exactly the same sentence, but also advised Gonzalez of his duty to register as a Tier I offender. On April 30, 2009, Gonzalez filed this appeal and requested a stay of further execution of sentence. This court

granted the stay on May 22, 2009. Gonzalez raises the following assignments of error.

### First Assignment of Error

There was insufficient evidence for the trial court to find [Gonzalez] guilty of sexual imposition.

### Second Assignment of Error

The trial court's decision was against the manifest weight of the evidence.

### Third Assignment of Error

The trial court's policy of increasing [Gonzalez's] jail sentence through the commitment paperwork for the non-payment of fines violated [Gonzalez's] due process rights and is a violation of [R.C. 2947.14].

### Fourth Assignment of Error

The trial court erred when it overruled [Gonzalez's] Criminal Rule 29 motion regarding the lack of evidence and the failure to prove venue.

The assignments of error will be considered out of order.

{¶4} Gonzalez claims in the fourth assignment of error that the trial court erred in denying his Crim.R. 29 motion after the state failed to prove venue beyond a reasonable doubt. "Venue is not a material element of any crime but, unless waived, is a fact that must be proven at trial beyond a reasonable doubt." *State v. Barr*, 158 Ohio App.3d 86, 2004-Ohio-3900, 814 N.E.2d 79, ¶14.

The Ohio Constitution establishes the right of the accused to have a "trial by an impartial jury of the county in which the offense is alleged to have been committed." Section 10, Article I, Ohio Constitution. R.C. 2901.12 guarantees that right by requiring that a criminal trial shall be held in a court with subject matter jurisdiction in the "territory of which the offense or any element thereof was committed." Crim.R. 18 provides that the venue of a case shall be that as set by law.

Therefore, unless the prosecution proves beyond a reasonable doubt that the crime alleged was committed in the county where the trial was held or the defendant waives this right, the defendant cannot be convicted. *State v. Headley* (1983), 6 Ohio St.3d 475, 477, 6 OBR 526, 528, 453 N.E.2d 716, 718-19; *State v. Draggo* (1981), 65 Ohio St.2d 88, 90, 19 O.O.3d 294, 295, 418 N.E.2d 1343, 1345; and *State v. Nevius* (1947), 147 Ohio St. 263, 34 O.O. 210, 71 N.E.2d 258, paragraph three of the syllabus. Ideally, the prosecutor will directly establish venue. However, venue need not be proven in express terms. The Supreme Court of Ohio has permitted venue to be established by the totality of the facts and circumstances of the case. *State v. Headley*, supra; *State v. Gribble* (1970), 24 Ohio St.2d 85, 889-90, 53 O.O.2d 222, 224, 263 N.E.2d 904, 906-907; and *State v. Dickerson* (1907), 77 Ohio St. 34, 82 N.E. 969, paragraph one of the syllabus. The trial court has broad discretion to determine the facts which would establish venue. Therefore, the court's decision should not be overturned on appeal unless it is contrary to the manifest weight of the evidence. *State v. Giles* (1974), 68 O.O.2d 142, 322 N.E.2d 362.

*Toledo v. Taberner* (1989), 61 Ohio App.3d 791, 793, 573 N.E.2d 1173.

{¶5} Here the issue of venue was raised by Gonzalez at trial on a Crim.R. 29 motion. The state's response was that it believed that the victim had testified that the offense occurred in Richwood. The trial court overruled the motion based upon his belief that the testimony of the victim was that the offense occurred in Union County. However, a review of the record reveals that this testimony did

not occur. The only question asked about where the offense occurred came from the state, when it asked the victim what the address of the house was. The victim responded that she did not know. No other witness was asked about where the offense occurred or even for any identifying landmarks from which the trial court could reasonably discern where the offense occurred. The only evidence before the trial court was that the offense occurred at the home of Gonzalez. However, no evidence was presented as to where this house was located.[1] Although the state presented the testimony of multiple witnesses who would have knowledge of the location of the house, the state failed to ask them where the incident occurred and whether this location was in Union County. This court also notes that the state presented no argument on this issue in its brief, thus apparently conceding Gonzalez's assignment of error. It was not until oral argument that the state addressed the issue, which was that the investigating officer's jurisdiction was within Union County. Again, this information was not presented at trial, but is just something of which the state asks us to take judicial notice. This court notes that the trial court did not take judicial notice of this fact. Thus, this court would be the one determining an essential fact of the case, not the trial court.

{¶6} Ohio courts, including this court, have long recognized that legal issues that are not raised at the trial court may not be raised for the first time on

---

[1] Even though appellant testified himself, no one asked him for his address, whether he lived in Richwood, or even whether he lived in Union County.

appeal. *State v. Childs* (1968), 14 Ohio St.2d 56, 236 N.E.2d 545; *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277; *Lillie v. Meachem*, 3d Dist. No. 1-09-09, 2009-Ohio-4934, *State v. Pilgrim*, 184 Ohio App.3d 675, 2009-Ohio-5357.[2]

{¶7} In this case, Gonzalez raised the state's failure to prove venue beyond a reasonable doubt in a Crim.R. 29 motion. The state presented its argument as to why the evidence was sufficient, but this argument was not supported by the evidence. Now the state wishes us to take judicial notice that the jurisdiction of the investigating officer was within the jurisdiction of the trial court. Additionally, we would need to presume that the officer was acting within his jurisdiction because no testimony was presented on this issue. Judicial notice may be taken of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Evid.R. 201. However, the Ohio Supreme Court has held that although venue need not be proven in express terms, it must be clear from the evidence that no other inference can reasonably be drawn by the finder of fact than the offense occurred within the jurisdiction of the court. *Dickerson*, 77 Ohio St. at 56 (holding that venue was proven indirectly when the location of the body was provided in testimony, a location as identified in testimony could be found in the county, and the county

---

[2] Generally, the use of this principle in criminal cases has been to prevent a defendant from changing his theory of the case on appeal from that presented to the trial court. However, an appellate court must apply the same legal standards to the state as would be applied to a defendant. It is not the task of this court to save the state from its own mistakes.

coroner testified that he was the coroner for that county). The Ohio Supreme Court noted that appellate courts should be careful not to encourage lax methods of establishing necessary facts. Id.; see also *State v. Burkhalter*, 6th Dist. No. L-05-1111, 2006-Ohio-1623. In *Burkhalter*, the Sixth District Court of Appeals held that a trial court may take judicial notice of jurisdiction when the evidence presented leads to the conclusion that the offense must have occurred within the jurisdiction of the trial court. Id. at ¶18-19. This case is distinguishable because in *Burkhalter*, the officer testified as to the road and direction of travel of the defendant and his own location when he clocked the defendant's vehicle. He failed to testify that this location was within his jurisdiction. By looking at a map, the trial court was able to determine that defendant's vehicle had to be within the officer's jurisdiction when he was speeding. Here, there is no evidence as to where the offense occurred or that the location was within the county. This is not sufficient for a determination of venue beyond a reasonable doubt.

{¶8} Additionally, this argument was first presented by the state on appeal at oral argument. Arguments presented for the first time on appeal will not be addressed by the appellate court. See *Awan*, 22 Ohio St.3d 120. Thus, the trial court should have granted Gonzalez's Crim.R. 29 motion. The fourth assignment of error is sustained.

{¶9} Having sustained the fourth assignment of error, we hold that the judgment of conviction cannot stand. It is mandatory that venue be proven beyond a reasonable doubt before a conviction can be sustained. *Dickerson*, 77 Ohio St. 34. Since venue was not proven, the judgment of conviction must be reversed and the defendant dismissed. Having reversed the conviction, we find that the first three assignments of error addressing the sufficiency and the manifest weight of the evidence and the sentence are moot and need not be addressed by this court.

{¶10} For the reasons set forth above, the judgment of the Marysville Municipal Court is reversed, and the defendant is dismissed.

Judgment reversed.

SHAW and PRESTON, JJ., concur.