DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Ottawa County Municipal Court after defendant-appellant, David Ryan, was found guilty of operating a motor vehicle while under the influence of alcohol, in violation of R.C. 4511.19(A)(1). From that judgment, appellant raises two assignments of error:
 {¶ 2} "Assignment of Error 1.
 {¶ 3} "The trial court erred to the prejudice of the defendant-appellant in denying the defendant's motion for dismissal pursuant to Criminal Rule 29.
 {¶ 4} "Assignment of Error 2.
 {¶ 5} "The conviction is against the manifest weight of the evidence."
 {¶ 6} On May 26, 2002, appellant was arrested and charged with operating a motor vehicle while under the influence of alcohol. Trooper Jason P. Demuth of the Ohio State Highway Patrol observed appellant drive left of center on Northwest Catawba Road on Catawba Island Upon confronting appellant, the officer discerned an odor of an alcoholic beverage on appellant, slightly slurred speech, and bloodshot eyes. After initial field sobriety tests, Trooper Demuth determined that appellant was impaired and should not have been operating the vehicle. Appellant was taken into custody and upon arrival at the Port Clinton Police Department refused to take a breath test.
 {¶ 7} Appellant entered a plea of not guilty, and on May 15, 2003, was found guilty after a jury trial of the offense as charged. At trial, Trooper Demuth testified that the traffic stop took place on Northwest Catawba Road and that appellant had admitted he was coming from the Catawba Island Club. Additionally, the officer stated that the stop occurred on Catawba Island in Catawba Island Township. The officer also confirmed that the stop took place past the high cliff area overlooking the lake, where Sand Road merges with West Catawba Road.
 {¶ 8} Upon conclusion of the case for both parties, appellant moved for an acquittal pursuant to Crim.R. 29, on the grounds that the state failed to introduce sufficient evidence to support the conviction. Appellant did not specifically raise the issue of failure to prove venue. The court denied appellant's motion and the jury returned a guilty verdict. Appellant was sentenced to 180 days in the Ottawa County Detention Facility and his license was suspended for five years. In addition, he was ordered to attend an alcohol treatment program and pay fines and costs. This appeal timely followed.
 {¶ 9} In appellant's first assignment of error, he claims that the trial court erred to his prejudice by denying his Crim.R. 29 motion for acquittal. Specifically, appellant argues that "the state failed to introduce sufficient evidence of venue to allow the matter to be submitted to the jury." On appeal, ordinarily the court will consider a party's claimed error waived if that party failed to object to the error at trial. State v.Campbell (1994), 69 Ohio St.3d 38, 40-41. However, if the prosecution fails to provide sufficient evidence of an essential element, then the court may evaluate that element on appeal under the plain error standard. State v. Adkins, 4th Dist. No. 03CA58, 2004-Ohio-2719 at ¶ 11. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). A plain error is "an obvious error which is prejudicial to an accused, although neither objected to nor affirmatively waived, which, if allowed to stand, would have a substantial adverse impact on the integrity of and public confidence in judicial proceedings." State v. Bowman (2001), 144 Ohio App.3d 179, 190, citing State v. Craft (1977), 52 Ohio App.2d 1, 7. Plain error, if it exists, should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus. Because appellant failed to raise the issue of venue at trial, we will review this issue under a plain error analysis.
 {¶ 10} Appellant argues that the prosecution did not provide sufficient evidence to adequately prove venue beyond a reasonable doubt. Proper venue is guaranteed by the Ohio Constitution, which establishes the right of the accused to have a "trial by an impartial jury of the county in which the offense is alleged to have been committed." Section 10, Article I, Ohio Constitution. R.C. 2901.12 also guarantees that right by requiring that a criminal trial shall be held in a court with subject matter jurisdiction in the "territory of which the offense or any element of the offense was committed." Although venue is not an essential element of the crime, it still is a fact that must be proved at trial unless waived. State v. Headley (1983),6 Ohio St.3d 475, 477; State v. Draggo (1981), 65 Ohio St.2d 88, 90. Although it is not necessary that the venue of the crime be stated in express terms, it is essential that it be proven by all the facts and circumstances, beyond a reasonable doubt, that the crime was in fact committed in the county and state alleged.State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus. Finally, the trial court has broad discretion to determine the facts which would establish venue. Toledo v.Taberner (1989), 61 Ohio App.3d 791, 793.
 {¶ 11} In State v. Shuttlesworth (1995),104 Ohio App.3d 281, the Seventh District Court of Appeals held that the trial court did not err in determining that the prosecution had produced sufficient evidence to prove venue. While it recognized that one specific address, "the VFW parking lot," would not suffice to establish venue, the court considered additional references to the location of the offense in determining that venue was sufficiently proven. Id. at 287. The officer in that case testified "that he was on duty for the Cadiz Police Department, that the VFW was on East Market Street, and that nearby were the offices of GTE and the Cadiz Fire Department. Further, Officer Manley testified that appellant was walking to use a pay phone at the Shurfast Store." Id. The court held that those facts and circumstances sufficiently proved that venue was proper in Harrison County, in the State of Ohio.
 {¶ 12} Furthermore, in State v. Naugle, 6th Dist. No. WD-02-042, 2003-Ohio-2529, this court found evidence of venue sufficient although the county and state where the crime occurred were not expressly stated at trial. The appellant in that case removed three blank checks from her mother-in-law's checkbook and negotiated them by forging her mother-in-law's signature. She was subsequently charged with three counts of forgery and three counts of receiving stolen property. At trial, the Theofficer testified that the appellant told him that the checks were written in Bowling Green. Additionally, the "Barney's South" endorsement on the back of the check referenced a store in Bowling Green and the checks were presented for payment there. Another fact the court included in its assessment was that both appellant and the victim resided in Bowling Green. We held that the facts and surrounding circumstances were enough to establish proper venue in Wood County, Ohio.
 {¶ 13} In light of the above cases, we conclude that the facts and circumstances testified to at trial below were sufficient to prove that venue was proper in Ottawa County, Ohio. Officer Demuth testified that the traffic stop took place on Northwest Catawba Road and referred specifically to the Catawba Island Club. Additionally, the officer stated that the stop occurred on Catawba Island in Catawba Island Township. The officer also confirmed that the stop took place past the high cliff area overlooking the lake, where Sand Road merges with West Catawba Road.
 {¶ 14} Finding that there was sufficient evidence to prove the element of venue, we cannot say that the lower court committed plain error by denying appellant's Crim.R. 29 motion and the first assignment of error is not well taken.
 {¶ 15} In his second assignment of error, appellant asserts that because the state failed to prove venue his conviction was against the manifest weight of the evidence, and that there was insufficient evidence to support the conviction as a matter of law. Therefore, we must apply both standards because "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins (1997), 78 Ohio St.3d 380, 386. Sufficiency addresses the issue of whether the evidence produced at trial is legally adequate to sustain a verdict. Id. To sustain a verdict, the court must determine "whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Considering inferences in favor of the prosecution, a rational trier of fact must believe that each individual element of the crime was proven beyond a reasonable doubt. Id. Because we determined that the evidence proving venue was sufficient in relation to the first assignment of error above, we now address the venue issue under the manifest weight standard.
 {¶ 16} Whereas sufficiency of the evidence is a question of law, whether the conviction was supported by the manifest weight of the evidence is a question of fact. Thompkins, supra at 386-387. Therefore, a court of appeals may decide that a judgment was supported by sufficient evidence, yet still hold that the judgment is against the weight of the evidence. In evaluating a verdict under the manifest weight standard, the appellate court acts as a "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. Id. at 387. The appellate court, reviews "the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175.
 {¶ 17} Appellant argues that his conviction was against the manifest weight of the evidence because the evidence was not sufficient to show that the offense occurred in Ottawa County, Ohio. We disagree. In this case, there were multiple references to the venue of the offense included in the officer's testimony: the stop took place on Northwest Catawba Road, near the Catawba Island Club, on Catawba Island in Catawba Island Township, past the high cliff area overlooking the lake, where Sand Road merges with West Catawba Road.
 {¶ 18} Upon a review of all the evidence, we cannot find that the jury lost its way or created a manifest miscarriage of justice when it found appellant guilty of operating a motor vehicle while under the influence of alcohol. Therefore, the conviction was not against the manifest weight of the evidence. Appellant's second assignment of error is not well taken.
 {¶ 19} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Ottawa County Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.