JOURNAL ENTRY AND OPINION
{¶ 1} Perry Wilson appeals his conviction and sentence handed down by the Cuyahoga County Common Pleas Court, Criminal Division. After a review of the record presented and arguments of the parties, we affirm the decision of the trial court for the reasons set forth below.
 {¶ 2} Appellant was charged with domestic violence, kidnapping and aggravated menacing on October 13, 2003. After a bench trial on March 4, 2004, he was found guilty of domestic violence, pursuant to R.C. 2919.25, and abduction, a lesser included offense of kidnapping under R.C. 2905.02. The aggravated menacing count was dismissed by the trial court pursuant to Crim.R. 29. Appellant was sentenced on April 5, 2004, to one year of probation and was ordered to have no contact with the victim, his wife.
 {¶ 3} The facts which gave rise to the above-referenced charges are as follows. The appellant married Sczhaun Wilson on May 21, 1999. Within the first week of their marriage, the appellant was arrested in Euclid, Ohio for domestic violence. Appellant originally pleaded no contest to these charges, but they were dismissed when Mrs. Wilson recanted the allegations of abuse. Appellant spent much of his time during the marriage incarcerated for various offenses, and he was released from prison March 20, 2003 on post-release control. Appellant moved into a "half-way" house called the Self Center upon his release.
 {¶ 4} On July 28, 2003, the appellant and his wife were traveling in their car so that Mrs. Wilson could apply for employment as a licensed practical nurse and obtain her CPR certification. Both the appellant and the victim admit they were together, voluntarily, in violation of a "no-contact" order that was meant to prevent the appellant from contacting his wife in any way during the period of his post-release control. While in the car, appellant and his wife engaged in a verbal altercation, and Mrs. Wilson asked appellant to stop the vehicle so she could get out and take a bus to her next destination. When appellant refused, Mrs. Wilson attempted to exit the vehicle while it was still moving. Appellant restrained her, but eventually she jumped out of the car and was picked up by another motorist. Mrs. Wilson testified that appellant punched her in the right side of the face during the scuffle and that she suffered abrasions and contusions. She went to the Lakewood Police Department and filed a complaint against appellant. She was four months pregnant with the appellant's child at the time of the assault.
 {¶ 5} Appellant now appeals his conviction and sentence with three assignments of error. Assignments of error I and II are substantially interrelated; therefore, for the sake of judicial economy, we will address them together.
 {¶ 6} "I. The court erred to the prejudice of the defendant-appellant perry wilson when it denied his motion for acquittal on the charge of kidnapping made pursuant to Crim.R. 29(a)."
 {¶ 7} "II. The trial court erred to the prejudice of defendant-appellant perry wilson when it denied his motion for acquittal on the charge of domestic violence made pursuant to Crim.R. 29(a)."
 {¶ 8} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. Under Crim.R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. A motion for judgment of acquittal under Crim.R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt. State v.Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394. Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the sufficiency of the evidence to support a conviction. See State v. Bell (May 26, 1994), Cuyahoga App. No. 65356.
 {¶ 9} A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45,102 S.Ct. 2211, 2220, 72 L.Ed. 2d 652, 663, citing Jackson v. Virginia
(1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560. However, a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. State v. Trembly (2000), 137 Ohio App.3d 134,139, citing Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560, followed.)" State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, at paragraph 2 of the syllabus. See, also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
 {¶ 10} Appellant claims that the trial court erred in denying his Crim.R. 29 motions for acquittal as to the charges of domestic violence and kidnapping/abduction. If the evidence is viewed in the light most favorable to the prosecution, a reasonable trier of fact could have found him guilty as to both counts; thus, the first and second assignments of error lack merit.
 {¶ 11} R.C. 2905.02 states, in pertinent part:
 {¶ 12} "(A) No person, without privilege to do so, shall knowingly do any of the following:
 {¶ 13} "* * *
 {¶ 14} "(2) By force or threat, restrain the liberty of another person under circumstances which create a risk of physical harm to the victim, or place the other person in fear. * * *"
 {¶ 15} The victim in this case testified that she asked the appellant to stop the car and let her out and that, not only did he fail to do so, but he struck her and caused her physical injury when she tried to exit the vehicle. Appellant argues that he was privileged to do this because he prevented the victim from jumping out of a moving car, thereby saving her from further injury. Stopping the car and letting the victim out when she asked also would have achieved this end without causing Mrs. Wilson any injury at all. Appellant's assertion that he nobly prevented the victim from injuring herself is not well taken, and the first assignment of error is overruled.
 {¶ 16} As to the domestic violence conviction, appellant argues that the state failed to establish the elements of R.C. 2919.25, which states:
 {¶ 17} "(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member;
 {¶ 18} "(B) No person shall recklessly cause serious physical harm to a family or household member;
 {¶ 19} "(C) No person by threat of force shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member; * * *"
 {¶ 20} The victim testified that the appellant struck her while they were arguing in the car, and photos of her injuries were admitted into evidence. There is no evidence that appellant "accidentally" struck the victim, only that he tried to keep her in the car, using violent means, when she wanted to get out of the car. The victim also testified that she feared the appellant and wanted to get out of the car because she did not want to accompany him to the "projects," and that she would not feel safe if he were to accompany her to her home. This evidence satisfies the elements of R.C. 2919.25, and a rational trier of fact could have convicted the appellant; therefore, appellant's second assignment of error is also overruled.
 {¶ 21} "III. The trial court erred to the prejudice of the defendant-appellant perry wilson when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 22} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. Instead, "the [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, citing Tibbs v.Florida, (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752.
 {¶ 23} Appellant's argument that he acted as he did only out of concern for his wife is not convincing. The record clearly indicates this couple has a history of domestic violence. Appellant was, in fact, in violation of a no-contact order on the day of the incident, and he was eventually arrested in the victim's home. From the record presented, the victim's injuries are clear and were entirely avoidable had appellant merely stopped the car and allowed the victim to get out. We cannot find that the trier of fact lost its way in this case when it found Mrs. Wilson more credible than the appellant. Therefore, appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Sweeney, J., concur.