DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas. The trial court denied a Crim.R. 29 motion for acquittal of appellant, Linda Connell, and also excluded evidence of the victim/decedent's drug use. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following two assignments of error:
 {¶ 3} "Assignment of error #1: The trial court erred to the prejudice of defendant-appellant by denying her Crim.R. 29 motion for acquittal on the basis that the state had not proven venue beyond a reasonable doubt.
 {¶ 4} "Assignment of error #2: The trial court erred to the prejudice of defendant-appellant by refusing to admit expert evidence about the alleged victim's drug use at the time of his death and the propensities which flowed there from, thus denying her the right to adduce evidence supporting her affirmative defense of self-defense."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. Linda and Alexander Connell had been married for approximately ten years. In recent years, the Connell marriage had become strained. Linda and Alexander consulted with divorce attorneys, arranged for a residential real estate appraisal of their home, and were laying the groundwork to end their marriage. By the middle of May 2002, a divorce filing appeared imminent. On the morning of May 17, 2002, appellant telephoned a friend, Ernie Thomas, and made an uncharacteristic request. Appellant asked if she could bring a gun to his residence and do target practice.
 {¶ 6} Unbeknownst to Ernie, appellant had previously sought permission to target practice from his roommate, Debbie Gornek. Debbie was another friend of appellant. Debbie, a state corrections officer with specialized training regarding weapons, declined the request. Debbie, knowing her friend was struggling with marital stress, advised her friend not to have a gun in her possession and went so far as to offer to store appellant's gun.
 {¶ 7} In the early afternoon of May 17, 2002, appellant called Ernie from her cell phone and reiterated her desire to come over for target practice. A short time later, appellant arrived with a gun and a plastic bowl of bullets. Ernie then set up an impromptu shooting range for appellant in the back yard. Ernie placed a piece of plywood against a tree stump for appellant's use and she began to shoot at the target.
 {¶ 8} The next morning, on May 18, 2002, both Linda and Alexander Connell were at home. At some point prior to 9:20 a.m., appellant removed a .22 caliber Colt revolver from a dresser drawer and shot her husband twice at close range. Alexander was shot once in the face and once in the chest. Appellant did not call for emergency medical services. Shortly after his wife shot him, Alexander died. Appellant later covered her husband's body with a quilt and went downstairs.
 {¶ 9} At approximately 9:20 a.m., Alexander's co-worker, Nick Gaudiello, arrived at the Connell residence, along with his four-year-old son. Appellant was drinking a cup of coffee and casually chatted with her dead husband's co-worker. Appellant informed Nick that Alexander was not home and had gone out to assist a relative with car trouble.
 {¶ 10} Appellant remained at home, along with her husband's concealed body, for most of the day on May 18, 2002. Appellant drafted a lengthy letter of apology to various family members and friends for having killed her husband. Finally, during the early evening, appellant drove to the Huron County Sheriff's Department, told a deputy that she wanted to report a "domestic violence" and turned in the gun.
 {¶ 11} The Huron County Sheriff's Department and the Huron County Coroner responded to the Connell residence and discovered Alexander's body. They investigated and ultimately concluded that the cause of death of Alexander Connell was "homicide."
 {¶ 12} Appellant was indicted for aggravated murder. Appellant's criminal trial commenced on October 29, 2002. This first trial ended in a mistrial. The state of Ohio retried appellant beginning on May 27, 2003. At the conclusion of the second trial, appellant was convicted of involuntary manslaughter and sentenced to a prison term of 12 years. Appellant filed a timely notice of appeal.
 {¶ 13} In her first assignment of error, appellant claimed the trial court erred in denying a Crim.R. 29 motion for acquittal. Appellant asserts that the state of Ohio failed to establish Huron County as the proper venue beyond a reasonable doubt. The crux of appellant's venue argument is her contention that no witness expressly testified that the exact address of the shooting was located within Huron County.
 {¶ 14} As this court has consistently held, it is not required to state a location in express terms to properly establish venue. Rather, venue can be sufficiently established if the surrounding facts and circumstances are adequate to demonstrate that the crime was committed in that county. The trial court has broad discretion in determining whether or not venue has properly been established. State v. Ryan, 6th Dist. No. OT-03-019, 2004-Ohio-3151.
 {¶ 15} Appellate review of a Crim.R. 29 ruling is done pursuant to a sufficiency of the evidence standard. State v. Newson, 6th Dist. No. H-02-036, 2003-Ohio-4729. The ultimate inquiry is whether a rational trier of fact could have found the disputed element of the crime established beyond a reasonable doubt. State v. Wilson, 8th Dist. No. 84593, 2005-Ohio-511. In order for appellant's first assignment of error to be meritorious, this court must conclude that no rational trier of fact could have found venue in Huron County established beyond a reasonable doubt. This is a significant burden.
 {¶ 16} This court has reviewed the record in this matter to determine whether it contains facts and circumstances from which Huron County was established as the proper venue. We find the record replete with information from which any reasonable doubt as to venue is clearly eliminated. First, appellant voluntarily reported to the Huron County Sheriff's Department following the incident. There is nothing in the record to suggest appellant was mistaken as to her county of residence. In response to appellant's disclosure of an incident at 8635 State Route 60, the Huron County Sheriff's Department and the Huron County Coroner dispatched personnel to that residence. Nothing in the record suggests that the Huron County Sheriff's Department and the Huron County Coroner were mistaken regarding the boundaries of their jurisdiction.
 {¶ 17} More importantly, Special Agent Joseph Dietz, of the Ohio Bureau of Criminal Identification and Investigation, specifically testified that the incident took place at 8635 State Route 60. Agent Dietz stated, "I spoke with Captain McLaughlin of the Huron County Sheriff's Office, and responded to an address on State Route 60 in the Wakeman area, 8635, I believe the number was, the Connell residence." The precise address was testified to on the record. Huron County Deputy Sheriff Steven Shupp also verified in his testimony that the residence is located within Huron County. Deputy Shupp's testimony states in relevant part:
 {¶ 18} "Q. And, what do you do for a living?
 {¶ 19} "A. I work at the Huron County Sheriff's office.
 {¶ 20} "Q. And how long have you been a deputy sheriff?
 {¶ 21} "A. Almost four years now.
 {¶ 22} "Q. As part of your duties, did you go to the Connell residence on State Route 60 in Huron County."
 {¶ 23} "A. Yes, I did."
 {¶ 24} There is ample testimony in the record from which the trial court was able to conclude beyond a reasonable doubt that venue was in Huron County. There is no evidentiary deficiency as to venue in this case. This argument lacks merit. Appellant's first assignment of error is not well-taken.
 {¶ 25} In her second assignment of error, appellant contends that the trial court erred to her prejudice by excluding expert toxicology testimony regarding general behavior patterns that can result from drug use. In support, appellant claims the trial court's evidentiary ruling improperly prohibited an affirmative defense of self-defense. The record contains no compelling evidence decedent was behaving in an aggressive or drug induced fashion at the time he was shot by his wife
 {¶ 26} It is well-established that the trial court is granted broad discretion to make determinations on the admission and exclusion of evidence. As this court has repeatedly held, determinations on the admissibility of evidence are within the authority purview of the trial court. Trial court evidentiary rulings will not be disturbed absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029, 2004-Ohio-3908.
 {¶ 27} As the controlling Blakemore case states:
 {¶ 28} "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In further qualifying the requisite evidentiary showing, the Supreme Court of Ohio has held:
 {¶ 29} "The result must be and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256. This court will not overturn a trial court's discretionary ruling on evidentiary admissibility absent a clear abuse of discretion so as to rise to the level of unconscionability.Ramey v. Quality Mold, 6th Dist. No. H-04-025, 2005-Ohio-2211.
 {¶ 30} This court has reviewed the record in its entirety. We find that the trial court's evidentiary determination to exclude the specified expert testimony was not an abuse of discretion. The trial court had ample evidence to reasonably determine, in relevant part, that appellant herself, "created the incident that gave rise to the gun aimed or that ultimately led to her husband's death." Appellant repeatedly admitted in her letter that she went to the drawer and pulled out the gun.
Appellant, not decedent, put the gun in play. There is no evidence to suggest appellant had any reasonable cause to fear for her safety when she sought out the gun. There is nothing to suggest a nexus between the decedent's substance use and appellant's act of aggression. The trial court did not abuse its discretion in excluding the expert toxicology testimony. Appellant's second assignment of error is found not well-taken.
 {¶ 31} This court finds that appellant was not prejudiced or prevented from having a fair trial. The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Huron County and for which execution is awarded. See App.R.24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., Concur.