DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas. The trial court denied appellant's Crim.R. 29 motion for acquittal. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant, Terri Owens, sets forth the following single assignment of error: *Page 2 
 {¶ 3} "The Common Pleas Court of Huron County, Ohio erred when it denied the Defendant/Appellant's criminal rule 29 motion for acquittal based on the assertion that the State failed to demonstrate that the crime was committed in Huron County, Ohio."
 {¶ 4} The following undisputed facts are relevant to the issue raised on appeal. On May 21, 2005, officers from the New London, Ohio, Police Department and the Huron County Sheriffs Department collaboratively arranged for a confidential informant to make a controlled drug buy at a home suspected of hosting illegal drug trafficking. This controlled buy was successful. On July 24, 2005, a second successful controlled buy occurred at the same location with the same suspect.
 {¶ 5} On May 12, 2006, appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(1)(C)(4)(a) and one count of complicity to trafficking in cocaine in the vicinity of a juvenile, in violation of R.C. 2923.03(A)(2). Appellant's minor son was present at the premises on both occasions when cocaine was sold to the informant.
 {¶ 6} On May 22, 2006, appellant was arraigned and counsel was appointed. Jury trial commenced on August 15, 2006. The trial concluded the following day. On August 16, 2006, the jury found appellant guilty on both counts.
 {¶ 7} On October 4, 2006, appellant was sentenced to 60 days incarceration and three years of community control. On November 6, 2006, appellant filed her notice of appeal. At the conclusion of the state's case, counsel for appellant made an oral motion for acquittal pursuant to Crim.R. 29. Counsel for appellant argued that the prosecution *Page 3 
had failed to establish that the venue for the offense was Huron County, Ohio. The trial court denied appellant's motion. The court gave defense counsel the opportunity to present defense witnesses and evidence. The defense presented no case. The case was given to the jury for deliberations. Appellant was found guilty on both counts. Appellant filed a timely notice of appeal.
 {¶ 8} In the sole assignment of error, appellant claims the trial court erred in denying the Crim.R. 29 motion for acquittal. Appellant contends that the state of Ohio failed to establish Huron County as the proper venue beyond a reasonable doubt. The essence of appellant's venue argument stems from the fact that no witness explicitly testified that the address of the offense was located within Huron County.
 {¶ 9} It is well-established that it need not be expressly stated that premises lie within a certain jurisdiction in order to properly establish venue in that jurisdiction. This court has consistently held that venue can be adequately established if the surrounding facts and circumstances demonstrate that the crime was committed in the relevant county. State v. Connell, 6th Dist. No. H-03-026, ¶ 14. Trial courts possess broad discretion in determining whether venue has been established. State v. Ryan, 6th Dist. No. OT-03-019, 2004-Ohio-3151.
 {¶ 10} We conduct our appellate review of the Crim.R. 29 ruling issues below pursuant to a sufficiency of the evidence standard. State v.Newson, 6th Dist. No. H-02-036, 2003-Ohio-4729. The underlying inquiry we must resolve is whether a rational trier-of-fact could have found the disputed element of the crime established beyond a *Page 4 
reasonable doubt. State v. Wilson, 8th Dist. No. 84593, 2005-Ohio-511. We cannot find in favor of appellant unless we conclude that no rational trier-of-fact could have found venue in Huron County established beyond a reasonable doubt.
 {¶ 11} This court has carefully reviewed the record in this matter in order to determine if it contains evidence sufficient to enable a rational trier-of-fact to conclude venue in Huron County was demonstrated beyond a reasonable doubt.
 {¶ 12} Our review of the record reveals that it contains unambiguous testimony in support of finding venue proper in Huron County. During direct examination of Captain McLaughlin of the Huron County Sheriffs Department the state inquired, "How many years do you think you have been involved in investigating drug trafficking in Huron County?"
 {¶ 13} In further testimony from Captain McLaughlin describing the process through which the suspected drugs recovered from the scene were ultimately lab tested, the following testimony was heard:
 {¶ 14} "Q. And then, do those signatures record how it is returned to Huron County?
 {¶ 15} "A. Yes, ma'am.
 {¶ 16} "Q. And, is the last signature yours also there?
 {¶ 17} "A. Yes, it is.
 {¶ 18} "Q. And then you retrieve it from the Huron County Sheriffs Office evidence room? *Page 5 
 {¶ 19} "A. Yes."
 {¶ 20} Captain McLaughlin also testified regarding what actions he took after the controlled buys relevant to the confidential informant and the suspected drugs taken from the scene. Captain McLaughlin's testimony stated:
 {¶ 21} "Q. And when you were done and you had dropped him off, what did you do with the audio device?
 {¶ 22} "A. After I dropped him off?
 {¶ 23} "Q. Yes.
 {¶ 24} "A. I took it back to the Huron County Sheriffs Office along with the drugs, and did the same thing I did with the other one, and typed the report."
 {¶ 25} The record contains a multitude of testimony which sufficiently established venue in Huron County. Captain McLaughlin established the nexus between Huron County and this case throughout his testimony.
 {¶ 26} Although we conclude that the record shows that a rational trier-of-fact could find venue in Huron County established beyond a reasonable doubt, we are compelled to note that this venue dispute could have been alleviated had the state directly asked Captain McLaughlin, "Is 2925 Jennings Road located in Huron County, Ohio?" The recent trend by the office which prosecuted this case to rely on indirect establishment of an element as basic as venue is troublesome. Appellee's failure to directly establish venue invited this appeal. The basic elements of a case should be directly proven except when to do so is not possible. *Page 6 
 {¶ 27} With that said, we find the record established venue in Huron County. Appellant's assignment of error is not well-taken.
 {¶ 28} The judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1