The STATE of Ohio, Appellee,

v.

SHUTTLESWORTH, Appellant.

[Cite as *State v. Shuttlesworth* (1995), 104 Ohio App.3d 281.]

Court of Appeals of Ohio,
Seventh District, Harrison County.

No. 458.

Decided July 27, 1995.

282

*Andrew Hutyera,* Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Gloria Eyerly and Thomas R. Wetterer, Jr.,* Assistant State Public Defenders, for appellant.

---

DONOFRIO, Judge.

On January 22, 1992, defendant-appellant, Trenton L. Shuttlesworth, was indicted by the Harrison County Grand Jury on one count of aggravated trafficking in drugs, with a previous felony drug abuse conviction specification, a violation of R.C. 2925.03(A)(1), and on one count of drug abuse, a violation of R.C. 2925.11(A). Appellant pled no contest to the drug abuse charge in Count 2 of the indictment and had a jury trial on the remaining count.

The evidence at trial disclosed that at approximately midnight on December 12, 1991, Officer James Manley of the Cadiz Police Department observed an automobile, which was known to belong to a suspected drug dealer, parked in the local VFW parking lot. The automobile in question was a yellow Ford Escort with a black "bra." While observing the car, Officer Manley saw someone leave the Escort and walk to a nearby pay phone. After placing a call, the person returned to the car.

Shortly thereafter Officer Manley saw a Monte Carlo automobile arrive and park at a nearby church parking lot. Officer Manley observed an occupant of the Monte Carlo step out of that car and walk towards the Escort. The occupant of the Escort and the occupant from the Monte Carlo conversed for approximately two to three minutes and then exchanged something through the window of the Escort. At this point, Officer Manley radioed for backup to join in the observation of the automobiles.

After the transaction, the Monte Carlo departed and was followed by Officer Manley to the rear of a bowling alley. Manley stopped the car and questioned the occupants. At this time, Manley observed a glass pipe in the car, commonly used to smoke crack. Lenny House, the driver of the Monte Carlo, admitted to Officer Manley that he had recently been smoking crack and had bought some from the man in the Escort.

Subsequently, Manley and three other officers approached the yellow Escort in the VFW parking lot and requested appellant, who was the driver of the Escort, to get out of the automobile. Appellant appeared to obey the directions of the officers but upon getting out of the car began to run away. The police officers pursued him and during the foot chase observed appellant throw down a baggie, which was later proven to contain crack cocaine.

After the jury trial, appellant was found guilty of aggravated trafficking in drugs as charged in Count 1 of the indictment and was sentenced to a prison

term of five to fifteen years, which term was to run consecutively with his sentence on the drug abuse charge. This appeal follows.

■ In appellant's first assignment of error, he argues that the trial court erred in accepting his no-contest plea to Count 2 of the indictment without advising appellant of the potential maximum sentence.

■ In *State v. Johnson* (1988), 40 Ohio St.3d 130, 532 N.E.2d 1295, the Ohio Supreme Court held that there is no constitutional right to be advised of the maximum possible penalty for a crime before a guilty plea can be accepted. In doing so the court relied upon *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163.

In order to be constitutionally valid, a plea of no contest must be entered knowingly, intelligently, and voluntarily. These are the requirements set out in Crim.R. 11(C). If a defendant does not knowingly, intelligently, or voluntarily enter his plea or does not understand the consequences of his plea, it is a violation of due process to accept his plea, and the plea is therefore void. *State v. Buchanan* (1974), 43 Ohio App.2d 93, 72 O.O.2d 307, 334 N.E.2d 503.

In the instant case, appellant was represented by counsel, executed a written waiver of jury trial and was examined by the trial court to ensure that the plea was knowing and voluntary. There is no evidence in the record to support appellant's claim that his plea was not made knowingly, intelligently and voluntarily.

The appellant's first assignment of error is without merit.

In appellant's second assignment of error, he argues that:

"The trial court erroneously denied defendant's motion for acquittal pursuant to Criminal Rule 29; therefore, defendant's conviction was obtained in violation of his constitutional rights to a fair trial and due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution since the evidence was insufficient to support a conviction."

Appellant makes a number of separate arguments in support of the second assignment of error. In the first, appellant argues that the indictment was faulty.

Count 1 of the indictment issued against appellant by the Harrison County Grand Jury read as follows:

"AGGRAVATED TRAFFICKING IN DRUGS, in that he did sell a controlled substance in an amount less than the minimum bulk amount, the offender having been previously convicted of a felony drug abuse offense, a felony of the second degree, contrary to and in violation of Section 2925.03(A)(1) of the Ohio Revised Code and against the peace and dignity of the State of Ohio."

Article I, Section 10, of the Ohio Constitution guarantees the accused that the essential facts constituting the offense for which he is tried will be found in the grand jury's indictment. *Harris v. State* (1932), 125 Ohio St. 257, 264, 181 N.E. 104, 106. In *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716, the Ohio Supreme Court found an indictment similar to appellant's to be defective because the controlled substance in question, to wit, cocaine, a substance included in Schedule II as defined by R.C. 2925.03, was not included in the indictment. The type of controlled substance involved in the crime alleged is more than a detail to be enumerated. *Headley* makes it clear at 479, 6 OBR at 530, 453 N.E.2d at 720, that:

"The type of controlled substance involved constitutes an essential element of the crime which must be included in the indictment. The omission of that information cannot be cured by amendment, as to do so would change the very identity of the offense charged."

In the instant case, the indictment charged appellant with the offense of aggravated trafficking but neglected to state the controlled substance involved. This was a fatal defect which was not curable by amendment. Appellant had a constitutional right to have all of the elements of his crime stated in the indictment. They were not. This portion of appellant's second assignment of error is well taken.

Appellant also claims in his second assignment of error that appellee failed to prove venue beyond a reasonable doubt and that the trial court erred by not noticing this defect in the state's case and by not granting appellant's Crim.R. 29 motion for acquittal.

We agree with appellant that at no point did appellee precisely establish that the crime with which appellant was charged had, in fact, occurred in Harrison County, Ohio. However, express evidence is not necessary to establish venue.

"Express evidence to establish venue is not necessary, if, from all of the facts and circumstances in the case, it is established beyond a reasonable doubt that the crime was committed in the county and state named in the indictment." *State v. Khong* (1985), 29 Ohio App.3d 19, 29 OBR 20, 502 N.E.2d 682, paragraph five of the syllabus.

The Supreme Court of Ohio has permitted venue to be established by the totality of the facts and circumstances of the case. See *State v. Headley, supra.* Additionally, the trial court has broad discretion to determine the facts which would establish venue. *Toledo v. Taberner* (1989), 61 Ohio App.3d 791, 573 N.E.2d 1173. We agree that evidence as to one specific address, the VFW parking lot, would not necessarily support a conclusion that venue had been

established. However, Officer Manley testified that he was on duty for the Cadiz Police Department, that the VFW was on East Market Street, and that nearby were the offices of GTE and the Cadiz Fire Department. Further, Officer Manley testified that appellant was walking to use a pay phone at the Shurfast Store. Therefore, the trial court did not err in concluding that the crime had occurred in the city of Cadiz, in Harrison County, in the state of Ohio. This portion of appellant's second assignment of error is found to be without merit.

Based on the first part of appellant's second assignment of error, appellant's second assignment of error has merit.

Appellant's third assignment of error states:

"The trial court erred by sentencing appellant to a sentence for a felony of the second degree when the State failed to prove the prior felony drug abuse conviction specification, and the court failed to make a determination of the specification."

Aggravated trafficking in drugs in an amount less than the minimum bulk amount is a felony of the third degree under R.C. 2925.03(C)(1). However, pursuant to R.C. 2925.03(C)(1)(c), if the offender was previously convicted of a felony drug abuse offense, the offense is a felony of the second degree.

A conviction of aggravated drug trafficking cannot be sentenced as a second degree felony under R.C. 2925.03(C)(1) unless the record clearly shows that the defendant was convicted in the past of a felony drug abuse offense. *State v. Reed* (1985), 23 Ohio App.3d 119, 23 OBR 230, 491 N.E.2d 723. The prior conviction must be proved at trial because increasing the degree of the charged crime transforms the crime itself. "In such a case, the prior conviction is an essential element of the crime, and must be proved by the state." *State v. Allen* (1987), 29 Ohio St.3d 53, 54, 29 OBR 436, 437, 506 N.E.2d 199, 201.

Upon review of the record, there was no evidence presented at trial that appellant had a prior felony conviction for a drug abuse offense. Therefore, it was improper to sentence appellant to a second-degree felony offense as opposed to a third-degree sentence. Appellant's third assignment of error is with merit.

Appellant's fourth assignment of error is that he was denied effective assistance of counsel as guaranteed under Sections 10 and 16, Article I of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution. The benchmark for judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

██ To prevail on a claim of ineffective assistance of counsel, an appellant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, when considering the totality of the evidence that was before the court. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

Appellant's trial counsel failed to properly address the faulty indictment against appellant. However, because we have sustained appellant's second assignment of error, the fourth assignment of error is thereby rendered moot.

Appellant's fifth assignment of error alleges that the trial court erred in sentencing the defendant-appellant without allowing appellant to speak before sentence was imposed.

Crim.R. 32(A)(1) states, in pertinent part:

"Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and also shall address the defendant personally *and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.*" (Emphasis added.)

Prior to sentencing, the trial judge did not allow appellant to speak on his own behalf, although appellant's trial counsel did speak for him. We do not encourage trial courts to fail to solicit a defendant to speak on his or her own behalf prior to sentencing. However, under the circumstances of this case, the actions of the trial court in this regard are inconsequential due to our holding with regard to the second and third assignments of error.

Appellant's sixth assignment of error is that by failing to properly record a bench conference as to the admissibility of a chemist's report pursuant to R.C. 2925.51, the trial court fatally prejudiced appellant's case due to the incomplete record.

This assignment of error no longer has merit as the record was corrected on March 14, 1994 by leave of this court pursuant to App.R. 9(E).

For the above stated reasons, the judgment of the trial court is reversed.

*Judgment reversed.*

O'NEILL, P.J., and COX, J., concur.