OPINION
This timely appeal arose out of the conviction of Edward O. Davis ("Appellant") for domestic violence in East Liverpool Municipal Court. For the following reasons, the conviction is affirmed.
In the evening hours of August 30, 2000, Darlene Davis called the East Liverpool Police Department to report that her husband, Appellant, had committed domestic violence against her. A complaint was filed against Appellant that evening, charging him with one count of domestic violence, in violation of R.C. § 2919.25(A), a first degree misdemeanor. Police arrested Appellant later in the evening.
The court arraigned Appellant the next morning. At the arraignment, Appellant waived his right to counsel and to jury trial. He pleaded no contest to the charge. The court, after a lengthy colloquy with Appellant concerning his constitutional and statutory rights, entered a guilty verdict and sentenced him to 90 days in jail with 83 days suspended, a $100 fine and court costs. The court also imposed probation and ordered Appellant to have no contact with Darlene Davis.
On September 12, 2000, Appellant, through counsel, filed a Motion to Withdraw Plea. Appellant alleged that he did not understand the rights he was waiving at the August 31, 2000, arraignment because of the side effects of prescription drugs he had been taking. On September 27, 2000, the court held a hearing on the motion and overruled it by journal entry that same day. Appellant's notice of appeal, filed September 28, 2000, is timely with respect to both the August 31, 2000, Judgment Entry and the September 27, 2000, Journal Entry. We will presume that he is appealing both judgments.
Both of Appellant's assignments of error deal with the voluntary nature of his plea, and will therefore be treated together:
 "THE TRIAL COURT WRONGFULLY DETERMINED THAT APPELLANT'S PLEA OF `NO CONTEST' WAS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE PURSUANT TO CRIMINAL RULE 11.
 "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS `NO CONTEST' PLEA BECAUSE APPELLANT WAS UNREPRESENTED BY COUNSEL AND WAS SUFFERING FROM SIDE EFFECTS OF HIS PRESCRIBED MEDICATION AT THE TIME HE WAS ASKED TO WAIVE HIS CONSTITUTIONAL RIGHTS AND ENTER A PLEA. THIS CONSTITUTES A MANIFEST INJUSTICE NECESSARY TO WITHDRAW THE PLEA PURSUANT TO RULE 32.1."
A trial court may grant a postsentence motion to withdraw a plea of guilty or no contest only to correct manifest injustice. Crim.R. 32.1;State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. A trial court's decision on a postsentence motion seeking to withdraw a plea is reviewed for abuse of the trial court's discretion. Id. An abuse of discretion, "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
Appellant essentially argues that he was mentally incompetent to waive his constitutional rights and enter a no contest plea due to the medications he was taking. Appellant testified at the hearing on the motion to withdraw his plea that he was taking Zoloft, Lipitor and Glucophage. (9/27/00 Tr., 6). Appellant testified that he did not take these medications the morning of his arraignment, however, because he was incarcerated immediately prior the arraignment. (9/27/00 Tr., 6, 9). It is not clear from his testimony whether he believed it was the medications themselves or his failure to take them that allegedly caused him to be dizzy, groggy and mentally confused during his arraignment. He did testify that two or three days each week he suffered psychological side effects from the medications. (9/27/00 Tr., 11). He testified that, because of his foggy mental state, he did not understand any of the rights he was waiving when he pleaded no contest to the charge against him. (9/27/00 Tr., 13-14).
Crim.R. 11(E) states that, "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." This Court has held that, pursuant to Crim.R. 11(E):
"the [trial] court must advise the defendant that by entering his plea, he is waiving his right to a trial by jury, to cross-examine witnesses, to compulsory process and to assert his privilege against self-incrimination at a trial where the state would have the burden to prove him guilty beyond a reasonable doubt." State v. Payne (Dec. 19, 2000), Harrison App. No. 00 521 CA.
This Court has also held, "[i]f a defendant does not knowingly, intelligently, or voluntarily enter his plea or does not understand the consequences of his plea, it is a violation of due process to accept his plea, and the plea is therefore void." State v. Shuttlesworth (1995),104 Ohio App.3d 281, 285, 661 N.E.2d 817.
"[A] person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." Dropev. Missouri (1975), 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103.
A criminal defendant is presumed to be mentally competent to proceed to trial. R.C. § 2945.37(G). The defendant bears the burden of persuasion to rebut this presumption. State v. Filiaggi (1999),86 Ohio St.3d 230, 236, 714 N.E.2d 867. A reviewing court must give great deference to a trial court's competency determination, as it is typically based on the trial court's interpretation of the weight and credibility of evidence. The trial court, acting as the trier of fact in this situation, is in the best position to evaluate the weight and credibility of the evidence. Thus, a reviewing court must give extreme deference to these evidentiary determinations. State v. DeHass (1967),10 Ohio St.2d 230, 231, 39 O.O.2d 366, 227 N.E.2d 212.
If it is shown that the defendant was competent to proceed to trial, the record must affirmatively demonstrate that the defendant was informed of the constitutional rights discussed in Payne, supra. This Court also reviews whether the trial court substantially complied with any remaining requirements of Crim.R. 11(E). Garfield Heights v. Mancini (1997),121 Ohio App.3d 155, 156, 699 N.E.2d 132; City of Toledo v. Chiaverini
(1983), 11 Ohio App.3d 43, 44, 463 N.E.2d 56. Substantial compliance, "means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
The transcript of the August 31, 2000, arraignment and plea gives no indication that Appellant was mentally impaired or otherwise incompetent to proceed to trial. Appellant clearly answered numerous questions posed by the trial judge. Appellant never complained of or evinced confusion about any of the proceedings. Appellant also legibly signed a variety of waiver forms.
The totality of the circumstances includes the evidence of incompetence presented at the September 27, 2000, withdrawal of plea hearing. Appellant relied on his own testimony and some drug information forms to show that: 1) he had been taking certain medications; 2) the medications had side effects which rendered him incompetent; and 3) that either the medications, or the failure to take them, caused him to be incompetent to waive his rights and plead no contest. Appellant did not introduce expert testimony about the effect of the drugs and did not produce any evidence, other than his testimony, that he had prescriptions for the drugs. We must presume that the trial court simply did not believe Appellant's testimony, and we must defer to the trial court's determinations regarding the weight and credibility of Appellant's testimony.
The record also reflects that the trial court fully complied with Crim.R. 11(E). The trial court explained the right of trial by jury (8/31/00 Tr., 6, 12), the right to cross-examine witnesses (8/31/00 Tr., 5, 12), the right to compulsory attendance of witnesses (8/31/00 Tr., 5, 12), the privilege against self-incrimination (8/31/00 Tr., 5, 12), and the effect of a plea of no contest (8/31/00 Tr., 5, 7, 13-14). The trial court complied, substantially and literally, with all aspects of Crim.R. 11(E).
Appellant put some emphasis on the following excerpt from the August 31, 2000, hearing, hoping to show that he did not understand all aspects of his plea:
 "THE COURT: Now first of all, Mr. Davis, I am going to ask you if you understand what you're charged with; domestic violence?
"MR. DAVIS: (No audible response.)
 "THE COURT: Do you understand what the penalties are for that I've went [sic] over with you? Yes?
"MR. DAVIS: (No audible response.)" (8/31/00 Tr., 15).
Appellant fails to take note of the very next questions posed by the trial court:
 "THE COURT: Do you understand the constitutional rights I just went over?
"MR. DAVIS: Yes.
 "THE COURT: Is there any part of that that you want me to go over again.?
"MR. DAVIS: No." (8/31/00 Tr., 15).
It is clear from this colloquy that the trial court did everything necessary to ensure that Appellant understood the rights being reviewed by the trial court.
In conclusion, the record reflects that Appellant did not meet his burden of proving that he was incompetent to plead no contest to the charge of domestic violence. The record further reflects that the trial court complied with Crim.R. 11(E). The record reveals that Appellant's waiver of rights and plea of no contest were made knowingly, intelligently and voluntarily. Since there is no error in the August 31, 2000 plea hearing, the trial court did not abuse its discretion in overruling Appellant's motion to withdraw his plea. We overrule both of Appellant's assignments of error and affirm the decisions of the trial court in full.
Donofrio, J., and DeGenaro, J., concur.