DECISION AND JUDGMENT
{¶ 1} Appellant, Michael David Hill, appeals from his conviction in the Wood County Court of Common Pleas for escape, a violation of R.C. 2921.34 and a felony of the third degree. For the reasons that follow, we affirm.
 {¶ 2} Appellant initially set forth the following assignments of error: *Page 2 
 {¶ 3} "I. The trial court committed reversible error in violation of appellant's right to due process under the Ohio and United States constitutions by accepting appellant's plea without subject matter jurisdiction.
 {¶ 4} "II. Appellant received ineffective assistance of counsel in violation of his rights under the sixth and fourteenth amendments to the United States constitution and article I, § 10 of the constitution of the State of Ohio."
 {¶ 5} In his supplemental brief, appellant sets forth the following supplemental assignment of error:
 {¶ 6} "The trial court committed error by accepting appellant's plea of guilty to a defective indictment."
 {¶ 7} On March 20, 2007, appellant was sentenced to prison after entering a guilty plea to the charge of escape. The elements of that offense are as follows:
 {¶ 8} "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." R.C. 2921.34(A)(1).
 {¶ 9} R.C. 2921.34(C)(2)(b) provides:
 {¶ 10} "(C) Whoever violates this section is guilty of escape.
 {¶ 11} "* * * *Page 3 
 {¶ 12} "(2) If the offender, at the time of the commission of the offense, was under detention in any other manner or if the offender is a person for whom the requirement that the entire prison term imposed upon the person pursuant to division (A)(3) or (B) of section 2971.03 of the Revised Code be served in a state correctional institution has been modified pursuant to section 2971.05 of the Revised Code, escape is one of the following:
 {¶ 13} "* * *
 {¶ 14} "(b) A felony of the third degree, when the most serious offense for which the person was under detention or for which the person had been sentenced to the prison term under division (A)(3), (B)(1)(a), (b), or (c), (B)(2)(a), (b), or (c), or (B)(3)(a), (b), (c), or (d) of section 2971.03 of the Revised Code is a felony of the third, fourth, or fifth degree or an unclassified felony or, if the person was under detention as an alleged or adjudicated delinquent child, when the most serious act for which the person was under detention would be a felony of the third, fourth, or fifth degree or an unclassified felony if committed by an adult;"
 {¶ 15} Appellant's indictment essentially mirrors the language found in R.C. 2921.34(A)(1). The indictment does not, however, contain any language such as that found in R.C. 2921.34(C)(2)(b), the section of the statute designating appellant's offense as a third degree felony. In his first assignment of error, appellant contends that the court lacked jurisdiction to accept appellant's plea because the indictment failed to include all *Page 4 
of the essential elements of the crime of escape. Specifically, appellant contends that the state failed to indict him for a third degree felony.
 {¶ 16} Defendants have a constitutional right to have all elements of the crime charged stated in the indictment. State v. Shuttlesworth
(1995), 104 Ohio App.3d 281, 286. A conviction based on an indictment that fails to include all essential elements of the crime charged is void for lack of subject matter jurisdiction. State v. Conley, 5th Dist. No. 03-CA-18, 2005-Ohio-3257, citing State v. Cimpritz (1953),158 Ohio St. 490, paragraph six of the syllabus.
 {¶ 17} The primary purpose of an indictment is to notify a defendant of the offense with which he is charged to enable his preparation for trial. State v. Lindway (1936), 131 Ohio St. 166. An indictment must contain a statement that the defendant has committed a public offense that is specified in the indictment. Crim. R. 7(B). "The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." Id.
 {¶ 18} Pursuant to R.C. 2945.75(A)(1), "[w]hen the presence of one or more additional elements makes an offense one of more serious degree: (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or *Page 5 
elements. Otherwise, such * * * indictment * * * is effective to charge only the least degree of the offense." The statute makes clear that either stating the degree of the offense or alleging degree-enhancing elements creates an effective indictment in a case such as this one. SeeState v. Fields, 4th Dist. No. 06CA3080, 2007-Ohio-4191.
 {¶ 19} Appellant's indictment reads that it is for "[E]scape, ORC Section 2921.34, a felony of the third degree." Thus, appellant received adequate notice of the enhancement element contained in R.C. 2921.34(C)(2)(b). Appellant's first assignment of error is found not-well taken.
 {¶ 20} In his second assignment of error, appellant contends his counsel was ineffective in failing to file a motion to dismiss his faulty indictment. Having already determined that the indictment at issue gave appellant sufficient notice of the offense charged, appellant's second assignment of error is found not well-taken.
 {¶ 21} In his supplemental assignment of error, appellant again challenges the sufficiency of his indictment pursuant State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I"), and State v.Colon, 119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II"). This court has already determined that Colon I and Colon II apply only to cases in which a defendant has been indicted for the offense of robbery in violation of R.C. 2911.02(A)(2). State v. Walker, 6th Dist. No. L-07-1156, 2008-Ohio-4614. Appellant's supplemental assignment of error is found not well-taken.
 {¶ 22} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay cost of this appeal pursuant to App. R. 24. Judgment for the *Page 6 
clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1