[Cite as *State v. Allen*, 2017-Ohio-781.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-16-1054

    Appellee                                Trial Court No. CR0201502986

v.

Marcus R. Allen                            **DECISION AND JUDGMENT**

    Appellant                               Decided:  March 3, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Following a jury trial, defendant-appellant, Marcus R. Allen, appeals the

March 2, 2016 judgment of the Lucas County Court of Common Pleas pursuant to

*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  For the

reasons that follow, we affirm the trial court's judgment and grant defense counsel's

motion to withdraw.

# I. Background

**{¶ 2}** On November 16, 2015, police were called to an apartment complex on Starr Avenue after a resident heard his upstairs neighbors arguing. Toledo police officers Tim Sturtz and Simon Urbina reported to the scene. There they encountered Marcus Allen, the 21-year-old victim, D.S., and the couple's young son. Allen was visibly intoxicated and yelling at the officers. The officers observed that D.S. had scratches on her cheek which she said had been inflicted by Allen. The officers ran a records check and discovered that Allen had prior domestic violence convictions, thus elevating the incident to a felony. They contacted Detective Rick Singlar who investigated and spoke to the victim. D.S. told Detective Singlar that in addition to scratching her, Allen also punched her, causing her head to hit the wall.

**{¶ 3}** Allen was charged with domestic violence, a violation of R.C. 2919.25(A). Because he had at least two prior domestic violence convictions, the offense rose to a third-degree felony under division (D)(4) of the statute.

**{¶ 4}** The case was tried to a jury beginning February 22, 2016. The state presented testimony from D.S., the neighbor who contacted 9-1-1, Officer Urbina, and Detective Singlar. It offered into evidence photos of D.S.'s injuries, video footage from body cameras worn by the responding officers, and records from the Toledo Municipal Court establishing that Allen had been convicted of domestic violence in 1999 and 2014. The jury rendered a verdict of guilty, and the trial court sentenced Allen to a prison term of 30 months.

2.

**{¶ 5}** Allen appealed and was appointed appellate counsel. After reviewing the record, however, counsel has determined the appeal to be wholly frivolous and requests permission to withdraw as counsel under *Anders* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

**{¶ 6}** *Anders* and *State v. Duncan*, 57 Ohio App.2d 93, 385 N.E.2d 323 (8th Dist.1978), set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In *Anders*, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he should so advise the court and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Furthermore, counsel must furnish his client with a copy of the brief and request to withdraw from representation, and allow the client sufficient time to raise any matters that he chooses. *Id.*

**{¶ 7}** Once these requirements are satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

3.

**{¶ 8}** Here, counsel has identified three potential assignments of error:

Proposed Assignment of Error One: Appellant's trial counsel rendered ineffective assistance and violated appellant's Sixth Amendment right to counsel.

Proposed Assignment of Error Two: Appellant's conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

Proposed Assignment of Error Three: Appellant's sentence is either contrary to law or is not clearly and convincingly supported by the record.

### III. Law and Analysis

### A. First Proposed Assignment of Error:

### Ineffective Assistance of Counsel

**{¶ 9}** Allen's first proposed assignment of error suggests that counsel was ineffective for failing to object when the state presented evidence of his two prior domestic violence convictions. This potential argument is premised on the fact that Allen had already stipulated to the convictions, thus the presentation of the certified convictions was cumulative and repetitive.

**{¶ 10}** In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th

Dist.1995). To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 11} Here, Allen cannot show that there is a reasonable probability that the outcome of the trial would have been different had counsel objected to the state's presentation of his two prior domestic violence convictions.

{¶ 12} Accordingly, we find Allen's first proposed assignment of error not well-taken.

### B. Proposed Assignment of Error Two:
### Sufficiency and Weight of the Evidence

{¶ 13} Allen's second proposed assignment of error suggests that there was insufficient evidence to support his conviction and that his conviction fell against the manifest weight of the evidence. This potential argument is premised on the fact that D.S. and Detective Singlar testified that D.S. reported that Allen punched her, yet this was not included in the police report.

**{¶ 14}** Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, the appellate court will not weigh the evidence or assess the credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

**{¶ 15}** When reviewing a claim that a verdict is against the manifest weight of the evidence, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury clearly lost its way in resolving evidentiary conflicts so as to create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387. We do not view the evidence in a light most favorable to the state. "Instead, we sit as a 'thirteenth juror' and scrutinize 'the factfinder's resolution of the conflicting testimony.'" *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 15, citing *Thompkins* at 388. Reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

6.

{¶ 16} Although under a manifest-weight standard we consider the credibility of witnesses, we must nonetheless extend special deference to the jury's credibility determinations given that it is the jury who has the benefit of seeing the witnesses testify, observing their facial expressions and body language, hearing their voice inflections, and discerning qualities such as hesitancy, equivocation, and candor. *State v. Fell*, 6th Dist. Lucas No. L-10-1162, 2012-Ohio-616, ¶ 14.

{¶ 17} R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Under R.C. 2919.25(D)(4), "[i]f the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence, * * * a violation of division (A) * * * is a felony of the third degree."

{¶ 18} There was evidence presented that under R.C. 2919.25(F)(1)(a) and (b), D.S. was a "family or household member" of Allen. D.S. and Detective Singlar testified that Allen knowingly inflicted physical harm as defined by R.C. 2901.01(A)(3). And certified records of two of Allen's prior domestic violence convictions were stipulated to and admitted into evidence. Thus, the evidence was sufficient to support Allen's conviction. As to whether the conviction fell against the manifest weight of the evidence, we find that it did not. Allen could be convicted of third-degree domestic violence based on the scratches to D.S.'s face regardless of whether the jury believed that she had also been punched.

7.

**{¶ 19}** Accordingly, we find Allen's second proposed assignment of error not well-taken.

### C.  Third Proposed Assignment of Error:

### Sentence Is Contrary to Law

**{¶ 20}** Allen's third proposed assignment of error suggests that his sentence was contrary to law or clearly and convincingly not supported by the record.

**{¶ 21}** We review a challenge to a felony sentence under R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

**{¶ 22}** Here, the factors listed in section (a) are inapplicable.  We, therefore, turn to (b).  The Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, provided guidance to reviewing courts in determining whether a sentence is contrary to law.  *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15.  In *Kalish*, the court determined that the sentence at issue was not contrary to law where the trial court considered the R.C. 2929.11 purposes and principles

8.

of sentencing, considered the R.C. 2929.12 seriousness and recidivism factors, properly applied postrelease control, and imposed a sentence within the statutory range. *Id.*

{¶ 23} Here, Allen's sentence falls within the statutory range for a third-degree felony under R.C. 2929.14(A)(3). In addition, the court expressly considered the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 seriousness and recidivism factors, and properly applied postrelease control. Allen's sentence, therefore, was not contrary to law.

{¶ 24} Accordingly, we find Allen's third proposed assignment of error not well-taken.

### D. *Anders*

{¶ 25} In accordance with *Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, appointed counsel has requested permission to withdraw from this case. She has certified that she made a careful review of the court record, researched the applicable law, and found the appeal to be wholly frivolous. She filed a brief on Allen's behalf identifying potential assignments of error, and mailed the brief to Allen along with a letter explaining to him that he has the right to file his own brief. Allen has not filed a brief of his own.

{¶ 26} In addition, we have conducted our own independent review of the record and we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit, and wholly frivolous. Counsel's motion to withdraw is found well-taken and is, hereby, granted.

9.

### III.  Conclusion

**{¶ 27}** The March 2, 2016 judgment of the Lucas County Court of Common Pleas is affirmed, and counsel's motion to withdraw from Allen's representation is granted. Allen is ordered to pay the costs of this appeal under App.R. 24.  The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE