[Cite as *State v. Tristan*, 2018-Ohio-4450.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals Nos. WD-17-054
                                                                              WD-17-055
         Appellee

                                      Trial Court Nos. 2016CR0462
v.                                                                                    2013CR0442

Jennifer Tristan                                 **DECISION AND JUDGMENT**

         Appellant                       Decided:  November 2, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Scott T. Coon, for appellant.

* * * * *

**MAYLE, P.J.**

**{¶ 1}** In this consolidated appeal, defendant-appellant, Jennifer Tristan, appeals

the October 24, 2017 judgment of the Wood County Court of Common Pleas, convicting

her of aggravated possession of drugs and failure to appear as required by recognizance,

and sentencing her to three years' community control on each conviction.  For the

following reasons, we affirm the trial court judgment.

## I. Background

{¶ 2} On November 7, 2013, in Wood County case No. 2013CR0442, Jennifer Tristan was charged with (1) aggravated trafficking, a violation of R.C. 2925.03(A)(2) and (C)(1)(c), a third-degree felony; (2) aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(b), a third-degree felony; and (3) aggravated possession of drugs, a violation of R.C. 2925.11(A) and (C)(1)(a), a fifth-degree felony. She failed to appear for arraignment on November 18, 2013, December 2, 2013, and December 9, 2013, forcing the judge to issue a warrant for her arrest. Tristan was arrested on that warrant on March 30, 2015, and a recognizance bond ("OR bond") was set.

{¶ 3} After numerous pretrials, Tristan moved on April 8, 2016, for intervention in lieu of conviction. The trial court set the motion for a June 6, 2016 hearing, but Tristan failed to appear. Another arrest warrant was issued, and Tristan was apprehended on August 19, 2016. This time, a cash bond was set.

{¶ 4} The court was notified that a plea agreement had been reached and set the matter for a hearing on September 9, 2016. No agreement was reached, however, and the case was continued for an October 26, 2016 jury trial. On September 21, 2016, despite having filed a waiver of time, Tristan moved to dismiss her case for violation of her right to a speedy trial. On September 22, 2016, in Wood County case No. 2016CR0462, Tristan was indicted on one count of failure to appear as required by recognizance, a violation of R.C. 2937.99(A) and (B), a fourth-degree felony.

2.

{¶ 5} The trial court denied Tristan's motion to dismiss, and on October 17, 2016, Tristan entered a plea of guilty to Count 3 of the indictment in case No. 2013CR0442, with Counts 1 and 2 to be dismissed at sentencing. She also entered a plea of guilty to the failure-to-appear charge in case No. 2016CR0462. The trial court found her guilty, a presentence investigation report ("PSI") was ordered, bond was modified to an OR bond, and the matter was continued for sentencing on December 12, 2016. Again, Tristan failed to appear, and again, a warrant was issued for her arrest.

{¶ 6} Tristan was arrested on June 12, 2017. On June 27, 2017, new counsel was appointed, and on July 17, 2017, her new attorney filed a motion to withdraw her prior guilty plea. In her motion, Tristan alleged that she told the presentence investigator that she intended to withdraw her plea and, therefore, she did not undergo the PSI ordered by the court in October of 2016. Tristan also claimed that she felt undue pressure by her former trial counsel to enter the plea, and she claimed that she requested her previous attorney to file a motion to withdraw her plea, but he failed to do so.

{¶ 7} The state opposed Tristan's motion, arguing that Tristan's plea was entered knowingly, voluntarily, and intelligently; Tristan failed to assert a proper basis for withdrawing her plea; the state would be prejudiced if forced to try the then-four-year-old case; and Tristan herself caused the delays resulting in the age of the case.

{¶ 8} After a hearing on the motion, the trial court denied Tristan's motion in a detailed judgment entry journalized on September 7, 2017. After obtaining a PSI, the trial court proceeded to sentencing and imposed a three-year community control sanction

3.

on each count, subject to a number of terms and conditions. A judgment entry memorializing the sentence was journalized on October 24, 2017.

{¶ 9} Tristan appealed and assigns the following error for our review:

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HER RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

## II. Law and Analysis

{¶ 10} In her sole assignment of error, Tristan argues that trial counsel was ineffective in his handling of her motion to withdraw her guilty plea. She claims that "[t]he record * * * is lacking as to any reasons for the motion filed in the trial court," and trial counsel presented no evidence to the court at the hearing on Tristan's motion. She maintains that trial counsel "simply made further statements [and] presented no additional evidence," despite being afforded the opportunity to do so.

{¶ 11} At the time the state filed its appellate brief, Tristan had filed no trial transcripts with this court, and the state maintained that the regularity of the trial court proceedings must, therefore, be presumed. The transcripts were filed approximately two weeks after the state filed its appellate brief.

{¶ 12} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the

4.

adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287, 661 N.E.2d 817 (7th Dist.1995). To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151, 761 N.E.2d 18 (2002).

{¶ 13} Ohio courts consider a number of factors in considering a defendant's motion to withdraw his or her plea, including the following:

(1) [W]hether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

5.

*State v. Richey*, 6th Dist. Sandusky No. S-09-028, 2011-Ohio-280, ¶ 43. The trial court thoroughly considered all applicable factors.

{¶ 14} As to whether the state would be prejudiced by withdrawal of the plea, the court found that the state represented that it would have problems locating its witnesses given that four years had passed since the case was filed.

{¶ 15} As to the representation afforded to Tristan by counsel, the court found that Tristan had been represented at all times by an experienced criminal defense attorney.

{¶ 16} As to the extent of the Crim.R. 11 plea hearing, the court found that Tristan indicated at the plea hearing that her plea was voluntary, she said she understood the charges against her and the maximum penalty, the court reviewed her constitutional rights, Tristan said she understood her constitutional rights, the state set forth a factual basis for the plea to which counsel did not object, and Tristan signed the appropriate waivers.

{¶ 17} As to the extent of the hearing on the motion to withdraw, the court found that a hearing was held and Tristan was not denied the opportunity to present witnesses.

{¶ 18} As to whether the timing of the motion was reasonable, the court acknowledged Tristan's claim that she told the probation officer charged with preparing her PSI that she intended to withdraw her plea, however, it also found that she failed to appear for her sentencing hearing, thus the actual motion was not filed until July 17, 2017—when the case was almost four years old.

6.

**{¶ 19}** As to the reasons for the motion, the court acknowledged Tristan's claim that she wished to withdraw her plea because she was subjected to "undue pressure" by her attorney and experienced lingering "hesitations." It found, however, that Tristan appeared with her attorney on more than ten occasions and stated at the plea hearing that she was satisfied with his representation.

**{¶ 20}** As to whether Tristan understood the nature of the charges and potential sentences, the court found that Tristan stated that she did understand the charges and potential sentences.

**{¶ 21}** And as to whether Tristan was perhaps not guilty or had a complete defense to the charge, the court stated that it was unaware of whether Tristan was perhaps not guilty or had a complete defense to the charge, but it observed that she was a passenger in a vehicle where a substantial amount of illegal drugs were found and she failed to appear for her June 6, 2016 hearing on her motion for intervention in lieu of conviction.

**{¶ 22}** The trial court's judgment was thorough and well-reasoned. Given the advanced age of the case—caused by Tristan's repeated failure to appear—and the prejudice this posed to the state in locating witnesses, it seems reasonable for the trial court to have denied the motion.

**{¶ 23}** Tristan complains that her counsel failed to present evidence at the July 31, 2017 hearing on her motion. But to prevail on her claim of ineffective assistance of counsel, Tristan must show that there is a reasonable probability that, but for counsel's failure to present evidence, the motion would have been decided differently. Tristan does

7.

not specifically argue that the outcome would have been different if counsel had presented evidence, and there is nothing in the record from which we can draw this conclusion.

{¶ 24} "[I]t is impossible to determine whether [an] attorney was ineffective in his representation of [an] appellant where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 11. But even if Tristan had provided this court with additional facts not contained in the record, we could not consider them. Rather, to establish facts upon which it could be determined that there was a reasonable probability of a different outcome, Tristan would need to employ the procedure for seeking postconviction relief. *Id.* ("[T]he General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21."); *see also State v. Bobo*, 2d Dist. Greene No. 92 CA 51, 1993 Ohio App. LEXIS 2448, *17 (May 13, 1993) ("Appellant does not, and indeed, cannot tell us what evidence trial counsel should have put on in support of his motion at the hearing or what appellant would have testified had he been called at said hearing. Such evidence is dehors the record and therefore must be presented to the trial court in accordance with R.C. 2953.21.").

{¶ 25} Because Tristan does not specifically argue that the outcome would have been different had her attorney presented evidence, and because there is nothing in the record from which we can conclude that there was a reasonable probability of a different

8.

outcome on Tristan's motion to withdraw her guilty plea if counsel had presented evidence, we must find her sole assignment of error not well-taken.

### III.  Conclusion

{¶ 26} Tristan cannot prevail on her ineffective assistance of counsel claim where (1) she does not specifically argue that the outcome would have been different, and (2) there are no facts in the record from which this court can conclude that there was a reasonable probability of a different outcome on her motion to withdraw her plea.  We, therefore, find Tristan's assignment of error not well-taken.  We affirm the October 24, 2017 judgment of the Wood County Court of Common Pleas.  Tristan is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.  *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                  _____
                                                      JUDGE

James D. Jensen, J. _____

                                        _____

Christine E. Mayle, P.J. _____                              JUDGE
CONCUR.

                                        _____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.