[Cite as *State v. Street*, 2026-Ohio-864.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-25-039

    Appellee                             Trial Court No. 2024CR0408

v.

Joshua Street                                    **DECISION AND JUDGMENT**

    Appellant                            Decided:  March 13, 2026

* * * * *

Paul A. Dobson, Esq., Prosecutor and
Kristofer A. Kristofferson, Assistant Prosecutor, for appellee.

Dan M. Weiss, Esq., for appellant.

* * * * *

**MAYLE, J.,**

{¶ 1} Defendant-appellant, Joshua Street, appeals the May 7, 2025 judgment of the Wood County Court of Common Pleas, convicting him of theft and receiving stolen property and sentencing him to a jail term and community control.  For the following reasons, we affirm the trial court judgment.

# I. Background

{¶ 2} Joshua Street was indicted on charges of theft, a violation of R.C. 2913.02(A)(1) and (B)(2), a fifth-degree felony (Count 1); and receiving stolen property, a violation of R.C. 2913.51(A) and (C), a fifth-degree felony (Count 2). According to the indictment, both counts related to the theft of a credit card that was in a bag that Street stole from an Applebee's restaurant when he entered the restaurant to pick up an UberEats order.

{¶ 3} A plea agreement was reached, pursuant to which Street entered a plea of guilty to amended Count 1, which was reduced to a first-degree misdemeanor, and Count 2. The prosecutor explained the factual basis for amending Count 1:

> Currently the Defendant is charged with two-count indictment (sic), both felonies of the fifth degree. The State is going to move to amend Count One of the indictment. It charges him with theft. It was a theft from a victim who was working at Applebee's in Northwood, Ohio. One of the enumerated items taken was $779, exactly in that amount. That would make it a misdemeanor in the first degree. So we're going to amend Count One, make that theft, a misdemeanor of the first degree. Count Two involves credit cards. So those are objects listed under § 2913.51, a felony of the fifth degree. It's my understanding he's going to tender guilty pleas to the amended count and original Count Two.

Thus, under the amended indictment, amended Count 1 was premised on the theft of $779 in cash that was contained in a wallet inside the bag Street stole. Count 2 was premised on conduct relating to the theft of the credit card that was also in the wallet.

{¶ 4} The trial court accepted Street's plea, made a finding of guilty, referred the matter for a presentence investigation, and continued the case for sentencing. As to

2.

Count 1, the trial court sentenced Street to 180 days in jail, with remaining days to be suspended after successful completion of the SEARCH program. On Count 2, it imposed five years of community control and enumerated the terms and conditions of that community control, including that restitution of $779 be made to the victim via monthly payments of at least $30.[1] Street's conviction and sentence were memorialized in a judgment entered May 7, 2025.

{¶ 5} Street appealed. He assigns the following errors for our review:

**ASSIGNMENT OF ERROR NO. 1**

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE APPELLANT'S COUNTS ONE AND TWO AT SENTENCING[.]

**ASSIGNMENT OF ERROR NO. 2**

APPELLANT WAS DEPRIVED EFFECTIVE ASSISTANCE OF COUNSEL[.]

**II. Law and Analysis**

{¶ 6} Street argues in his first assignment of error that the trial court erred by failing to merge Counts 1 and 2 for purposes of sentencing. In his second assignment of error, he claims that trial counsel was ineffective for failing to argue that the two counts should merge for purposes of sentencing. The State denies that merger was required here, thus it maintains that the trial court did not err and trial counsel was not ineffective for failing to argue merger.

---

[1] It is unclear why restitution of the stolen $779 was ordered as part of the sentence on Count 2 when theft of the cash formed the basis for amended Count 1.

3.

## A. Merger

{¶ 7} Street first argues that the trial court erred by failing to merge Counts 1 and 2 at sentencing. Because no objection was made in the trial court, we review Street's first assignment of error for plain error. Plain error is error that affects substantial rights. Crim.R. 52(B). To demonstrate plain error under Crim.R. 52(B), the party asserting error has the burden of demonstrating "that an error occurred, that the error was obvious, and that there is a reasonable probability that the error resulted in prejudice, meaning that the error affected the outcome of the trial." *State v. Echols*, 2024-Ohio-5088, ¶ 50, citing *State v. Knuff*, 2024-Ohio-902, ¶ 117. We will reverse for plain error "only in 'exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Bond,* 2022-Ohio-4150, ¶ 18, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶ 8} The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution, applicable to the state through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Ruff*, 2015-Ohio-995, ¶ 10. The Double Jeopardy Clause protects against a number of abuses. *Id.* Pertinent to this case is the protection against multiple punishments for the same offense. *Id.* To that end, the General Assembly enacted R.C. 2941.25, which directs when multiple punishments may be imposed. *Id.* It prohibits multiple convictions for allied offenses of similar import arising out of the same conduct:

4.

**(A)** Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**(B)** Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 9} In *Ruff*, the Ohio Supreme Court examined in detail the analysis that must be performed in determining whether offenses are allied offenses of similar import under R.C. 2941.25. It identified three questions that must be asked: "(1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?" *Id.* at ¶ 31. If the answer to any of these questions is "yes," the defendant may be convicted and sentenced for multiple offenses. *Id.* at ¶ 25, 30. The court explained that offenses are of *dissimilar* import "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 23. It emphasized that the analysis must focus on the defendant's conduct, rather than simply compare the elements of two offenses. *Id.* at ¶ 30.

{¶ 10} The defendant bears the burden of establishing that R.C. 2941.25 prohibits multiple punishments. *State v. Washington*, 2013-Ohio-4982, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67 (1987). "Although determining whether R.C. 2941.25 has been properly applied is a legal question, it necessarily turns on an analysis of the facts . .

5.

. ." *State v. Bailey,* 2022-Ohio-4407, ¶ 11. This "can lead to exceedingly fine distinctions." *Id.*

{¶ 11} Street argues that the facts of the offenses are identical, and the two counts derive from one act, which was stealing the bag from Applebee's. Likewise, he claims that there was one motivation, and that was to take the bag. According to Street, "it is not alleged that [he] committed any further act or caused separate harm to the alleged victim." Street insists that the "offenses were not dissimilar, were part of a single act, and conducted with the same animus and motivation, . . . therefore the trial [c]ourt committed plain error when it failed to merge Counts 1 and 2 for sentencing purposes."

{¶ 12} The State responds that the indictment alleges different time periods for the two separate counts. Count 1 alleges that Street committed the offense on or about February 24, 2022, when he took the bag, which contained the wallet with cash. Count 2 alleges that he committed the offense on February 24, 2022, through March 4, 2022, during which time the credit card—which was also inside the wallet in the bag— remained in his possession. The State maintains that because this was a plea with an undeveloped record, we must look at the State's recitation of the facts at the plea hearing, the facts contained in the PSI, and any arguments presented at sentencing. It contends that here, the PSI makes clear that the factual circumstances of each crime were distinct and dissimilar.

{¶ 13} As the State indicates, in *State v. Fisher*, 2023-Ohio-2088, ¶ 22-23 (6th Dist.), we recognized that where a plea is entered, the factual predicate for the offenses is

6.

often not well-developed in the record. In that situation, "our merger analysis relies upon the state's recitation of the facts supporting appellant's plea at the plea hearing, the factual statements in the presentence investigation report, and the parties' merger arguments at sentencing." *Id.* at ¶ 22.

{¶ 14} Here, despite Street's contention to the contrary, the PSI does demonstrate that Street committed further acts and caused separate harm beyond merely taking and retaining the credit card, which was in the same bag as the cash. He used the credit multiple times at gas stations, convenience stores, and fast-food restaurants. The PSI indicates that officers reviewed security footage of several of these transactions and Street was identified in the footage. So while the cash and credit card may have been taken at the same time from the same bag, Street's use of the stolen card came later and caused separate harm to the victim.

{¶ 15} In *State v. Green*, 2021-Ohio-2412, ¶ 29 (7th Dist.), the defendant argued that his convictions for theft and receiving stolen property should have merged because they arose from the same conduct—the theft of a ring. The court rejected this argument, concluding that the convictions involved separate conduct: the defendant stole the ring by snatching it from its owner, then he actively disposed of the stolen ring when he traveled to a pawn shop and sold it. The court emphasized that the defendant was not charged with receiving stolen property because he committed the theft and thereby retained, concealed, or possessed the property he stole. "Rather, the receiving stolen property count resulted from his disposition by selling the property the day after the

7.

theft." *Id.* at ¶ 31. "Actively disposing of the property by selling it represents a distinct transaction." *Id.*

{¶ 16} As in *Green*, while the cash and credit card may have been stolen at the same time, when Street took the bag, separate harm occurred when Street used the credit card in the days following its theft. Accordingly, we find that the trial court did not commit plain error when it failed to merge Counts 1 and 2 for purposes of sentencing. We find Street's first assignment of error not well-taken.

## B. Ineffective Assistance

{¶ 17} Street next claims that trial counsel was ineffective for failing to argue that Counts 1 and 2 should merge for purposes of sentencing. In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *State v. Shuttlesworth*, 104 Ohio App.3d 281, 287 (7th Dist. 1995). To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance of counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Sanders*, 94 Ohio St.3d 150, 151 (2002).

8.

{¶ 18} Properly licensed Ohio lawyers are presumed competent. *State v. Banks*, 2002-Ohio-4858, ¶ 16 (9th Dist.). To establish ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *Strickland* at 688-692. As recognized in *Strickland,* there are "countless ways to provide effective assistance in any given case." *Id.* at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 689.

{¶ 19} We cannot conclude that counsel's performance fell below an objective standard of reasonableness or that Street was prejudiced. First, trial counsel may well have chosen not to argue merger because he knew that merger was not warranted under the facts of this case. And assuming that the PSI represents an accurate recitation of the facts of this case—there is no record evidence to suggest otherwise—Street cannot show prejudice because even if trial counsel had argued merger, his argument would not have succeeded.

{¶ 20} Accordingly, we find that counsel was not ineffective for failing to argue merger. We find Street's second assignment of error not well-taken.

### III. Conclusion

{¶ 21} The trial court did not commit plain error when it failed to merge Counts 1 and 2 for purposes of sentencing. Although the cash and credit card were stolen at the

same time when Street took the victim's bag, Street's later use of the credit card caused separate harm to the victim. Street's first assignment of error is not well-taken.

{¶ 22} Likewise, trial counsel was not ineffective for failing to argue merger. Trial counsel may have chosen not to argue merger because he understood that it was not warranted under the facts of the case. Moreover, based on the record before us, a merger argument would have failed even if it had been raised. Street's second assignment of error is not well-taken.

{¶ 23} We affirm the May 7, 2025 judgment of the Wood County Court of Common Pleas. Street is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| Christine E. Mayle, J. | |
| --- | --- |
| | JUDGE |
| Gene A. Zmuda, J. | |
| | JUDGE |
| Charles E. Sulek, J. | |
| CONCUR. | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.